**STATE of Missouri, Respondent,**

v.

**John HEMPHILL, Appellant.**

No. 48974.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Linda Vespereny, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction of capital murder and the sentence of life imprisonment without possibility of probation or parole for fifty years. We affirm.

The victim, Cornell Hamilton, was shot to death on July 12, 1983 in his front yard. A man armed with a rifle was seen in an alley next door to Hamilton's residence by two women residing in the house next door. One of these witnesses saw the man move to the front of her house, raise the rifle, and fire a shot. She identified defendant as the armed man. The second witness could not identify the man she saw. The next day two police officers were questioning Hamilton's sister about the killing and about defendant who had at one time been her paramour. Because of the presence of a large group of relatives and friends gathered at the victim's home the interrogation took place in the detectives' unmarked car down the street. During the course of the interrogation several shots were heard causing the people at the Hamilton house to take cover. Defendant, carrying a rifle, then ran from a vacant building in close proximity to the detectives' vehicle, jumped into the passenger side of a waiting car and left the area. The detectives gave chase and stopped the fleeing vehicle within four blocks. A 30–30 Winchester Western rifle was found on the street a short distance from the end of the chase. A broken piece of the stock of the rifle and two parts of the gun's sights were also found in close proximity to the rifle. Defendant was apprehended in the vehicle. The driver was his cousin. Defendant had a live round of 30–30 rifle ammunition in his pocket. His fingerprints were on the rifle. An empty shell casing was found near the spot where the defendant was seen the night of the killing, and three empty shell casings were found in the house from which defendant fled the next day. All four casings had been discharged by the rifle. The bullet found in Hamilton's body was fired from the rifle.

■ Defendant's first point is that the trial court committed error in admitting testimony and evidence concerning the occurrences on the day after the killing which we have outlined above. He invokes the oft-cited rule prohibiting evidence of uncharged crimes. *State v. Williams*, 652 S.W.2d 102 (Mo. banc 1983) [9]. The rule is inapplicable where as here the evidence has a legitimate tendency to establish the identity of the killer. *State v. Williams, supra.* Defendant was seen on the day after the murder in possession of a rifle after shots were fired. A rifle, containing his fingerprints, was found in a location and in a condition warranting an inference that it had been thrown from a vehicle in which defendant was a passenger during a brief instant while the pursuing police vehicle was negotiating a turn and its occupants were not in visual contact with the pursued vehicle. That rifle was utilized to fire the shots on the day after the killing and was the weapon which killed Hamilton. That evidence serves to identify defendant as the murderer.

■ Defendant next objects to testimony relating to an episode involving defendant and Hamilton occurring approximately a ·month prior to the killing. This evidence

established that after defendant and Hamilton's sister discontinued their relationship, defendant physically prevented the sister's daughter from leaving a store where she had been sent by Hamilton and his brother. Hamilton and the brother went to the store and after some undefined unpleasantries left with the girl. Upon their return to their home, a jack was thrown through the window of the front door and defendant was seen in front of the house. Assuming that this evidence also implicates the rule against evidence of uncharged crimes, it also is admissible under the motive and intent exceptions to the general rule. *State v. Williams, supra.* This evidence combined with defendant's actions the day after the killing establish a continuing vendetta by defendant against the family of his former girl friend and thus establishes a hatred motive in the otherwise inexplicable shooting of Hamilton.

 The crime charged here was capital murder which required at the time of trial that the state prove defendant unlawfully, willfully, knowingly, deliberately, and with premeditation killed Hamilton. Sec. 565.001 RSMo 1978, repealed Oct. 1, 1984 now Sec. 565.020 RSMo Cum.Supp.1984. Defendant's mental state, in this case deliberation and premeditation, was a necessary element of the state's case. Mental state is rarely capable of direct proof. *State v. Flynn,* 541 S.W.2d 344 (Mo.App.1976) [2, 3]. It is frequently established by inferences reasonably drawn from the evidence and the circumstances surrounding the act. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980) [7–10]. Conduct before and after the commission of the charged crime is relevant where it relates to the elements of the crime charged. *State v. Williams, supra,* [10]. Defendant's virtual kidnapping of the victim's niece, his altercation with the victim and his brother, the throwing of the jack through a window, the shooting of Hamilton from ambush, and the subsequent shooting of multiple shots in the presence of the victim's grieving family, which included small children, is evidence that the killing of Hamilton was performed in a cool, albeit evil, state of mind as a free act of will not under the influence of violent passion suddenly aroused by some provocation. *State v. Zeitvogel,* 655 S.W.2d 678 (Mo.App.1983) [20]. The evidence was relevant and its admission was not error.

 Defendant next complains of the admission into evidence of a "mugshot" of defendant. Specifically he objects because the date upon which the pictures were taken was not blanked out, allowing the jury to surmise that defendant had been previously arrested. The date, however, was relevant. The witness who identified the defendant at the scene of the crime was unable to identify defendant from the picture. Not surprisingly the defense capitalized on this failure. The picture was taken a year prior to the killing and the defendant's appearance had arguably changed since the taking. The date of the picture was therefore relevant to explain the witness' inability to make an identification from the picture. Furthermore, the picture was shown to the witness prior to the arrest of the defendant for the murder. The jury was therefore aware that it was taken by the police department for some reason other than this crime. That that reason occurred at any particular time prior to the murder could not have prejudiced the defendant. Mugshots are themselves neutral and do not constitute evidence of prior crimes. *State v. Lorenze,* 592 S.W.2d 523 (Mo.App.1979) [13, 14]; *State v. Hamell,* 561 S.W.2d 357 (Mo.App.1977) [10]. We find no error in the admission of the photograph.

Defendant's final point concerns the closing argument of the state. We find no abuse of the trial court's broad discretion in allowing the argument. *State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982) [12–14].

Judgment affirmed.

SNYDER and SATZ, JJ., concur.