**Wesley Eugene FIELDS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 21352.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 20, 1997.

A. Renae Adamson, Asst. Public Defender, Columbia, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for Respondent–Respondent.

BARNEY, Judge.

Wesley Eugene Fields (Movant) was convicted of capital murder and sentenced to life imprisonment in the Missouri Department of Corrections without eligibility for parole, until after the expiration of fifty years. Movant's conviction was affirmed on appeal. *See State v. Fields*, 668 S.W.2d 257 (Mo.App. 1984). Movant subsequently filed a Rule 27.26 motion for post-conviction relief, alleging ineffective assistance of trial counsel, which was denied by the motion court.[1] This Court affirmed the motion court's judgment. *See Fields v. State*, 735 S.W.2d 430 (Mo.App. 1987).

---

1. Rule 27.26 was repealed February 11, 1987, effective January 1, 1988. *See generally* Rule 29.15, effective January 1, 1988.

Movant filed his second Rule 27.26 motion in 1987. In his second motion for post-conviction relief, Movant alleges that his counsel, in appeal from the judgment denying his first Rule 27.26 motion, was ineffective by failing to raise or brief certain issues previously raised in Movant's initial Rule 27.26 action.

The present motion court did not make its ruling denying post-conviction relief to Movant until October 10, 1996, when it dismissed the action as being "successive," in that the grounds alleged therein "were raised and determined adversely to the applicant in the prior motion or could have been raised in the prior motion." This appeal followed.

Appellate review of a court's action on a post-conviction motion is limited to a determination of whether the court's finding is clearly erroneous. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). A motion court's finding is clearly erroneous only if a full review of the record definitely and firmly convinces the appellate court that a mistake was made. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995).

Even if the motion court's finding is declared deficient, however, its decision will nonetheless be affirmed if movant is not entitled to relief as a matter of law. *Nunn v. State*, 824 S.W.2d 63, 65 (Mo.App.1991).

We note that the motion court failed to enter any findings of fact or conclusions of law to support its dismissal of Movant's second post-conviction motion. However, no error results from a motion court's failure to make findings and conclusions on claims not cognizable in a post-conviction proceeding. *State v. Viviano*, 882 S.W.2d 748, 754 (Mo.App.1994).

Former Rule 27.26(d) allowed successive motions to be filed by a movant where the ground presented in a successive motion could not have been raised in a prior motion.

Movant's first Rule 27.26 motion alleged ineffective assistance of trial counsel. Movant's second Rule 27.26 motion alleged ineffective assistance of counsel for failing to raise or brief certain issues in his *appeal from the judgment denying his first Rule*

*27.26 action.* We determine therefore that the motion court's dismissal of Movant's Rule 27.26 motion, on the grounds that it was successive and raised the same issues as in his first motion, was in error. Movant could not have been cognizant of any ineffective representation by post-conviction relief counsel at the time Movant filed his original post-conviction motion.

This Court, nonetheless, affirms the motion court's judgment because Movant's claim was not cognizable in a Rule 27.26 proceeding. An appellate court's concern on review is whether the trial court reached the proper result, not the route by which it reached that result. *Runny Meade Estates, Inc. v. Datapage Techs. Int'l., Inc.*, 926 S.W.2d 167, 170 (Mo.App.1996).

"There is no constitutional right to a state post-conviction proceeding...." *Reuscher v. State*, 887 S.W.2d 588, 590 (Mo. banc 1994), *cert. denied* 514 U.S. 1119, 115 S.Ct. 1982, 131 L.Ed.2d 869 (1995). "[A] motion filed pursuant to our Rule 27.26 is the exclusive procedure by which to attack and have corrected or vacated an unlawful sentence." *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710, 715 (Mo. banc 1977). "Our courts have traditionally held that postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel." *Sanders v. State*, 807 S.W.2d 493, 494 (Mo. banc 1991). In *Lingar v. State*, 766 S.W.2d 640 (Mo. banc 1989), *cert. denied*, 493 U.S. 900, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989), movant leveled charges of ineffective assistance of counsel at his prior Rule 27.26 motion attorney, "claiming that attorney failed to allege two additional grounds in the amended motion and also failed to present evidence concerning one of the grounds asserted by [movant] in his *pro se* motion." *Id.* at 640–41. The Supreme Court of Missouri held that a "postconviction proceeding authorized by the rules of this Court is directed to the validity of appellant's *conviction and sentence* and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding." *Id.* at 641 (emphasis added)(citing *Usher v. State*, 741 S.W.2d 677 (Mo.App.1987)); *see also Sloan v. State*, 779

S.W.2d 580, 583 (Mo. banc 1989), *cert. denied* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990)(relative to Rule 29.15 proceedings); *Onken v. State*, 803 S.W.2d 139, 142 (Mo.App.1991).[2]

An exception to the foregoing rule was recognized by the Missouri Supreme Court in *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981) in an "abandonment" situation. In *Flowers*, a claim that prior counsel "abandoned," i.e., failed to file or otherwise perfect an appeal from the judgment denying his first Rule 27.26 motion, was held to be a permissible, successive motion under Rule 27.26. *Id.* at 656–57. The supreme court directed that the trial court "conduct an evidentiary hearing and ... make findings of fact and conclusions of law on whether Flowers' counsel abandoned him on appeal from the denial of the [Rule 27.26] motion or [determine] whether Flowers indicated he did not wish to pursue, or waived, the appeal." *Id.* at 657. The court held that if movant, at an evidentiary hearing, could prove that he had been "abandoned" on appeal, the trial court was directed to vacate the original Rule 27.26 judgment and enter a new judgment with the time for appeal commencing to run from the date of the new judgment. *Id.* On the other hand, if the trial court found that Flowers did not wish to pursue or waived the appeal, the trial court was directed to leave the original judgment undisturbed, denying post-conviction relief. *Id.* "The practical effect of the remedy is to provide the movant with his right of appeal from the original Rule 27.26 judgment." *Shepherd v. State*, 637 S.W.2d 801, 803 (Mo.App.1982).

The facts in the instant proceeding, however, are not analagous. Unlike *Flowers* Movant is not attacking his criminal conviction, as provided by Rule 27.26. Rather, Movant now makes allegations of ineffective assistance of counsel not from his criminal trial, but from actions taken by counsel during the process of appealing a judgment denying a Rule 27.26 motion. Nowhere in former Rule 27.26 does this Court find any provision authorizing a review of claims regarding ineffective assistance of post-conviction appellate counsel, nor has our attention been directed to any statutory authority which authorizes the relief that Movant now requests.[3] Given the instant factual setting, *Lingar* constitutes controlling precedence and Movant's claim must fail. *See Lingar*, 766 S.W.2d 640.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.

---

2.  The Missouri Supreme Court has also held that where the claim was that appellate counsel failed to *raise or brief certain issues* in a timely-filed appeal of the *sentence and judgment* of a trial court, a Rule 27.26 post-conviction motion provided no remedy for allegations of ineffective assistance of *appellate* counsel. *See Hemphill v. State*, 566 S.W.2d 200, 207–08 (Mo. banc 1978)(relief from defects in proceedings before appellate courts were beyond the scope of the remedy provided for in post-conviction motions); *see also Mallett v. State*, 769 S.W.2d 77, 83–84

(Mo. banc 1989), *cert. denied* 494 U.S. 1009, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990).

3.  Rule 29.15(a), Missouri Court Rules, effective January 1, 1996, provides that "claims of ineffective assistance of trial and appellate court counsel" are now cognizable in a post-conviction proceeding. However, the latter provision has no application to the instant case. This is because the provision is inapplicable to a case where sentence was imposed prior to January 1, 1996. *See* Rule 29.15(m), Missouri Court Rules (1997).