Donald C. BANTLE, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26525.

Missouri Court of Appeals,
Southern District,
Division One.

June 27, 2005.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Donald C. Bantle ("Movant") appeals from the motion court's denial, without an evidentiary hearing, of his amended motion to vacate, set aside, or correct sentence and judgment brought pursuant to Rule 24.035.[1]

On September 27, 2002, Movant pled guilty to the class C felonies of burglary in the second degree in violation of Section 569.170[2] and first degree tampering in violation of Section 569.080, and the class D felony of possession of burglary tools in violation of Section 569.180. The trial court found that Movant understood the charges and consequences of his plea and subsequently sentenced Movant, in accordance with a plea agreement, to six years each for second degree burglary and for first degree tampering as well as five years for possession of burglary tools. In accordance with the plea agreement, these sentences were to be served consecutively, but to run concurrently with any of Movant's existing sentences.

Movant filed a timely *pro se* motion, on December 11, 2002, for post-conviction relief under Rule 24.035 challenging the effectiveness of his plea counsel. On December 27, 2002, the motion court entered an order appointing counsel for Movant. However, on January 13, 2003, private counsel ("post-conviction counsel") entered his appearance and filed a motion for additional time to amend Movant's *pro se* motion. Appointed counsel's motion to withdraw was granted in February. In March 2004, the motion court placed the case on

---

**1.** References to rules are to Missouri Rules of Criminal Procedure (2004).

**2.** References to statutes are to RSMo (2000) unless otherwise indicated.

the dismissal docket for failure to prosecute and required post-conviction counsel to file a formal pleading. Then on April 14, 2004, Movant's post-conviction counsel moved for a "hearing on his motion to set aside his conviction filed under Rule 24.035." The State filed a motion to dismiss without an evidentiary hearing on June 14, 2004. Shortly thereafter, on June 23, 2004, Movant's post-conviction counsel moved to withdraw. (This is his private counsel, not the one the court appointed) Movant then filed a pro se "Motion for Reappointment of Counsel Due to Post-conviction Counsel Abandonment." The motion court, subsequently, granted State's motion to dismiss without an evidentiary hearing. This appeal follows.

■ Our review of a motion court's ruling on a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Maberry v. State*, 137 S.W.3d 543, 546 (Mo.App. S.D.2004). Since the findings of the motion court are presumptively valid, the clearly erroneous standard is satisfied only if after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000): *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

■ Movant presents one point for our review. He contends, and the State concedes, that the motion court clearly erred in denying his post-conviction motion without first holding a hearing on the issue of abandonment because the face of the record raises a presumption of abandonment in that post-conviction counsel did not comply with the requirements of Rule 24.035(e). Rule 24.035(e) states in pertinent part:

> If the [pro se] motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing.

If post-conviction counsel does not comply with this rule then he has presumably abandoned Movant. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991).[3]

■ There are two recognized forms of abandonment. The first type of abandonment occurs when counsel takes no action on behalf of Movant and as a result, it appears on the face of the record that Movant's post-conviction claims have been without meaningful review. *Morgan v. State*, 8 S.W.3d 151, 153 (Mo.App. S.D. 1999); *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). The second type of abandonment occurs when the record reflects that counsel has determined a basis for amending the pro se motion and fails to do so in a timely manner. *Morgan*, 8 S.W.3d at 154. In the case at bar, Movant's counsel, after entry of appearance, filed a motion for time to amend, demonstrating on

---

**3.** "Rule 29.15(e), based on a conviction following trial, is the counterpart to Rule 24.035(e), based on conviction following a guilty plea." *Thurlo v. State*, 841 S.W.2d 770, 772 (Mo.App. S.D.1992). Therefore, a claim of post-conviction counsel abandonment by a Rule 24.035 movant is also governed by *Luleff*, because the rules are essentially identical and impose the same duties on appointed counsel. *See Carroll v. State*, 131 S.W.3d 907, 909 n. 4 (Mo.App. S.D.2004).

the record that he had a basis for amending Movant's pro se motion. However, no amended motion was ever filed and Movant's counsel subsequently withdrew.

A presumption of abandonment arises when the record, on its face, establishes non-compliance with Rule 24.035(e). *Moore*, 934 S.W.2d at 292. When there is a presumption of abandonment, a hearing to determine if Movant was abandoned must be held. *Id.* The only instance where a hearing is not mandatory occurs when the record establishes that non-compliance with the rule is a direct result of Movant's negligence. *Morgan*, 8 S.W.3d at 154. There is no evidence in the record that Movant's counsel actually amended the pro se motion or that he provided an affidavit stating that amendments to Movant's motion were not warranted. Further, it does not appear that Movant acted negligently in this regard.

We, therefore, reverse the judgment and remand for a hearing to determine whether counsel abandoned Movant.

PREWITT and RAHMEYER, JJ., concur.