Joseph F. **KENNEDY**, Movant–Appellant,

v.

**STATE of Missouri**, Respondent–Respondent.

No. 27723.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 2006.

Motion for Rehearing or Transfer Denied Jan. 2, 2007.

Application for Transfer Denied Jan. 30, 2007.

Joseph Kennedy, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Movant was convicted of capital murder pursuant to § 565.001 [1] and was sentenced to life imprisonment without eligibility for parole for fifty years. This Court affirmed Movant's conviction and the denial of post-conviction relief in *State v. Kennedy*, 726 S.W.2d 884, 888 (Mo.App. S.D.1987) and *Kennedy v. State*, 771 S.W.2d 852, 859 (Mo.App. S.D.1989), respectively. Movant's later attempt to reopen post-conviction proceedings by claiming abandonment of post-conviction counsel was denied by the trial court. Giving a broad reading to Movant's current claims, Movant contends that he was entitled to a hearing on the abandonment issue, that the trial court's findings of fact and conclusions of law were deficient and that the trial court erred in finding he was not abandoned by post-conviction counsel. More specifically, Movant argues that he was abandoned because post-conviction counsel did not include in his amended motion for relief the additional grounds which Movant suggested. He also claims he was abandoned in that counsel erroneously incorporated by

---

1. Repealed October 1, 1984. All references to statutes are to RSMo 1978, unless otherwise specified.

reference the contents of his *pro se* motion rather than restating them word-for-word, resulting in the trial court's refusal to review the claims raised in the initial *pro se* motion. He finally contends that he was not advised that he was entitled to appointed counsel on appeal from the denial of post-conviction relief when his private counsel was allowed to withdraw.[2]

As noted, the trial court made the following findings in its Judgment, Order and Decree:

1.) Plaintiff's Rule 27.26 Motion was denied on September 1, 1989;

2.) The denial of Plaintiff's Rule 27.26 Motion was affirmed on appeal in *Kennedy v. State*, 771 S.W.2d 852 (Mo.App. S.D.1989);

3.) Plaintiff was represented by counsel and was not abandoned by counsel, in that counsel filed an Amended Motion on Plaintiff's behalf on May 5, 1988, and the matter was litigated on August 17, 1988;

4.) Plaintiff's Motion for Appointment of Counsel ... Pertaining to Motion to Reinstate Rule 27.26 Motion Based on Abandonment of Post–Conviction Counsel is, for the foregoing reasons, Moot.

5.) Plaintiff's Motion to Vacate, Reopen, Correct, Amend, or Modify the December 7, 2004, Decision of this Court is denied based upon the above findings of this Court.

Finding no error, we affirm.

■ Our review of the trial court's denial of a motion to reopen post-conviction proceedings is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Johnson v. State*, 189 S.W.3d 698, 700 (Mo. App. W.D.2006). Because we presume the motion court's findings are valid, this standard is met only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Bantle v. State*, 165 S.W.3d 233, 235 (Mo.App. S.D.2005).

On October 15, 1987, Movant filed a *pro se* motion for post-conviction relief under Rule 27.26.[3] He later retained Kenneth Wagoner ("Counsel") to represent him. Counsel filed an amended Rule 27.26 motion alleging numerous errors, including a claim that Movant's jury was not selected pursuant to statute, a claim that the prosecution failed to disclose a deal made with a State's witness, and four claims of ineffective assistance of trial and appellate counsel. Counsel also incorporated by reference the contents of the *pro se* motion. Counsel represented Movant at the post-conviction evidentiary hearing. On May 18, 1989, this Court affirmed the denial of Movant's post-conviction motion. *Kennedy*, 771 S.W.2d at 859.

Movant has now filed a "Motion to Reinstate Rule 27.26 Motion Based on Abandonment of Counsel and Conflict of Interest of Counsel." On February 21, 2006, the motion court denied the motion and this appeal follows.

We first address Movant's complaints that the trial court failed to state any findings of fact and conclusions of law as to the abandonment of counsel. As previous-

---

2. Because this claim of error does not fall within any reasonable interpretation of abandonment, we decline to review his last point.

3. Repealed January 1, 1998. All references to Rule 27.26 are to Missouri Court Rules (1987). Unless otherwise specified, all other rule references are to Missouri Court Rules

(2006). Since Movant filed a Rule 27.26 motion before January 1, 1998, relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed. *Brown v. State*, 179 S.W.3d 404, 405 n. 1 (Mo.App. S.D.2005).

ly noted, the trial court made five specific findings to support its judgment denying Movant's claim of abandonment. We find that the trial court's findings were sufficiently specific and responsive to Movant's claims of abandonment. Movant's allegations to the contrary are denied.

■ Next, Movant claims the trial court erroneously denied him a hearing on the record on his abandonment motion. Movant is presumed abandoned by counsel when the record, on its face, establishes non-compliance with the duties imposed by Rule 27.26(h). *See Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). When this presumption arises, Movant is entitled to a hearing to determine if he was abandoned. *See Bantle*, 165 S.W.3d at 236. Rule 27.26(h) provided that post-conviction counsel:

> shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel shall also ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof.

Rule 27.26(h). Thus, Counsel was required to review the facts of the case with his client and then, if necessary, file an amended motion which adequately stated the *pro se* claims and included any additional grounds for attacking the sentence and judgment.

Though Counsel did not include the specific claims included in Movant's February 16, 1988 letter to him, Counsel did file an amended motion in which he raised claims that Movant's jury was not selected pursuant to statute, the prosecution failed to disclose a deal made with a State's witness, and four claims of ineffective assistance of trial and appellate counsel. In addition to the duties under Rule 27.26(h), Counsel also had an obligation to bring only non-frivolous claims before the court. Rule 3.1.[4] Because the record in this case reveals that Counsel met the obligations imposed by Rule 27.26(h), Movant was not entitled to a hearing on his abandonment claim.

■ Finally, we address Movant's claim that he was abandoned because Counsel incorporated by reference the contents of the *pro se* motion into the amended motion. Movant has provided no cases to support this allegation of error. The claimed failure of Counsel to include all Movant's claims of error has not been a basis for finding abandonment.[5]

■ For post-conviction counsel to abandon his client, he must have completely shirked his obligations imposed under the rules. *Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D.2001). Courts may reopen post-conviction proceedings on the basis of abandonment of counsel only if counsel failed to file an amended motion or otherwise take action on Movant's behalf, *Luleff*, 807 S.W.2d at 498, or if counsel

---

4. Rule of Professional Conduct 3.1 states in relevant part, "[a] lawyer shall not bring or defend a proceeding or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous[.]" Effective January 1, 1986.

5. We do note the assertion contains the admission that Movant was not legally abandoned by Counsel in that Movant admits that Counsel filed an amended motion on his behalf.

determined that there was a sound basis for amending the *pro se* motion, but failed to do so in a timely manner, *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991). *See also Bantle,* 165 S.W.3d at 235–36 (stating that abandonment of post-conviction counsel only occurs in two limited circumstances).

Counsel filed an amended motion in which he raised several claims of error. In addition, Counsel incorporated by reference the contents of Movant's *pro se* motion into the amended motion. Counsel also represented Movant at the evidentiary hearing on the Rule 27.26 motion. Because Counsel timely filed an adequate amended post-conviction motion, Movant was not abandoned under *Luleff* and *Sanders.*

The trial court's decision is affirmed.

PARRISH and SCOTT, JJ., concur.