Ronnie Lee **HANKINS**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. SD 28878.

Missouri Court of Appeals, Southern District, Division One.

Dec. 30, 2009.

Motion for Rehearing or Transfer Denied Jan. 21, 2010.

Application for Transfer Denied March 2, 2010.

Ronnie Lee Hankins, Bonne Terre, Mo., Pro se.

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT S. BARNEY, Judge.

Ronnie Lee Hankins ("Movant"), who appears before this Court *pro se,* appeals the order of the motion court denying his motion to re-open his postconviction proceedings which had previously been filed pursuant to Rule 27.26.[1] In his sole point relied on, Movant maintains the motion court erred "when it ruled that it was without jurisdiction ... to address the claim of abandonment...." We affirm the order of the motion court.

Following a jury trial, Movant was convicted on February 28, 1980, of capital murder and was sentenced on May 12, 1980, to life imprisonment without the possibility of parole, a conviction which was

1. "Rules 29.15 and 24.035, effective January 1, 1988, replaced Rule 27.26." *Fincher v. State,* 795 S.W.2d 505, 506 (Mo.App.1990). Rule 29.15(m), Missouri Court Rules (1988), specifically provided that Rule 27.26 applied to all proceedings wherein sentence was pronounced prior to January 1, 1988. *Id.* All references to Rule 27.26 are to Missouri Court Rules (1980). Unless otherwise specified, all other rule references are to Missouri Court Rules (2007).

affirmed by the Supreme Court of Missouri in *State v. Hankins,* 642 S.W.2d 606 (Mo.1982). On August 24, 1983, Movant filed his *pro se* motion for relief under former Rule 27.26 alleging ineffective assistance of trial counsel and his appointed postconviction counsel orally amended the motion at a hearing on September 26, 1984. Thereafter, Movant filed several *pro se* motions with the motion court. On March 4, 1988, the motion court issued its "Findings of Fact, Conclusions of Law, Ruling and Docket Entry Statement," denying Movant's request for postconviction relief under Rule 27.26. Movant appealed the *motion court's* denial of his Rule 27.26 motion. On appeal, this Court affirmed the motion court's judgment. *Hankins v. State,* 766 S.W.2d 467 (Mo.App.1989).

On November 5, 2007, Movant filed his "Motion to Reopen Original [Postconviction] Proceedings to Address the Claim of Abandonment...." In this motion, he asserted his postconviction counsel had abandoned him during his postconviction proceedings by failing

> to confer and ascertain from [Movant] all of the grounds known as a basis for attacking the judgment and sentence and to amend the *pro se* motion(s) to include any omitted claims and, if necessary, to more fully and accurately allege the grounds stated in the *pro se* motion(s) and support them with facts from the record.

(Emphasis added.) On November 13, 2007, the motion court denied Movant's motion by finding it did "not have jurisdiction to consider it." This appeal by Movant followed.

Now, in his sole point relied on, Movant maintains the motion court:

> clearly was in error when it ruled that it was without jurisdiction over the motion to reopen original [postconviction] proceedings to address the claim of aban-

donment ... because the [motion] court had jurisdiction and was the proper place to have the motion.... Appellant was denied his rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I sections 10[and] 14 of the Missouri Constitution.

■ "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that the circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 253 (Mo. banc 2009) (internal quotations and emphasis omitted). "The present case is a civil case. Therefore, the [motion court] has subject matter jurisdiction and, thus, has the authority to hear this dispute." *Id.* at 254. However, Movant is not entitled to a remand to the motion court. "An appellate court's concern on review is whether the trial court reached the proper result, not the route by which it reached that result." *Fields v. State,* 950 S.W.2d 916, 918 (Mo. App.1997).

■ "For [postconviction] counsel to abandon his client, he must have completely shirked his obligations imposed under the rules." *Kennedy v. State,* 210 S.W.3d 417, 420 (Mo.App.2006). "Movant is presumed abandoned by counsel when the record, on its face, establishes non-compliance with the duties imposed by Rule 27.26(h)." *Id.; see Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). "When this presumption arises, Movant is entitled to a hearing to determine if he was abandoned." *Kennedy,* 210 S.W.3d at 420. "Additionally, abandonment by counsel can occur when 'the record reflects that counsel has determined that there is a sound basis for amending the pro se motion but fails to file the amended motion in a timely

manner as required by Rule 29.15(f) . . . .' " *Brown v. State,* 179 S.W.3d 404, 407 (Mo. App.2005) (quoting *Sanders v. State,* 807 S.W.2d 493, 494–95 (Mo. banc 1991)); *see also Simmons v. State,* 190 S.W.3d 558, 559 (Mo.App.2006).

In our review, we determine that Movant is not arguing his postconviction counsel completely failed to take any action on his behalf, that the amended motion was defective, or that it was somehow untimely filed. Instead, he argues his postconviction counsel did not "confer and ascertain from [Movant] all of the grounds known as a basis for attacking the judgment and sentence" and failed to amend his *pro se* motion "to include any omitted claims and, if necessary, to more fully and accurately allege the grounds stated in the *pro se* motion(s) and support them with facts from the record." These are not claims of abandonment and are instead general claims of ineffective assistance of counsel. " 'Our courts have traditionally held that postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel.' " *Fields,* 950 S.W.2d at 918 (quoting *Sanders,* 807 S.W.2d at 494). Movant's claims were, therefore, "categorically unreviewable" by the motion court and this Court. *Brown,* 179 S.W.3d at 407. Point denied.

In that the motion court reached the correct result, its order is affirmed.

BATES, P.J., and BURRELL, J., Concur.