John HEMPHILL, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 94247.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 21, 2010.

Rehearing Denied Oct. 26, 2010.

John Hemphill, Charleston, MO, Acting pro se, Movant/Appellant.

Shaun J. MacKelprang, Jamie P. Rasmussen, Jefferson City, MO, for Respondent/Respondent.

SHERRI B. SULLIVAN, P.J.

*Introduction*

John Hemphill (Appellant) appeals from the judgment of the motion court denying his motion to reopen his Rule 27.26 [1] post-conviction proceedings. We dismiss.

---

1. All rule references are to Mo. R.Crim. P.1978, unless otherwise indicated.

*Factual and Procedural Background*

In 1985, Appellant was convicted of capital murder, Section 565.001,[2] for which he was sentenced to life imprisonment without the possibility of probation or parole for fifty years. This Court affirmed Appellant's conviction and sentence in *State v. Hemphill,* 699 S.W.2d 83, 84 (Mo.App. E.D.1985). On December 11, 1987, Appellant filed a *pro se* motion for post-conviction relief under Rule 27.26. On March 7, 1988, appointed post-conviction counsel entered an appearance on Appellant's behalf. A hearing was scheduled for May 6, 1988, but there is no record of what happened on the scheduled hearing date. On June 13, 1989, the motion court dismissed Appellant's Rule 27.26 motion without prejudice because the *pro se* motion had not been signed and no amended motion had been filed.

In November 1989, Appellant wrote the court clerk to inquire about the status of his motion, and was informed that it had been denied. On December 23, 1989, Appellant filed a motion to reinstate the motion, alleging that it had in fact been signed. On January 19, 1990, the motion court denied the motion to reinstate. Appellant did not appeal this denial.

Appellant wrote to post-conviction counsel in January of 1990, asking counsel if he was still representing him. Appellant again wrote him on February 15, 1990, asking counsel if he understood that the Rule 27.26 motion could be refilled because it had been dismissed without prejudice, noting that they would probably have to appeal the ruling because of the time that had passed since the dismissal. Appellant also asked counsel in the February 15, 1990 letter "to get this matter reviewed before the appellate court and I will take it from there." There is no indication in the record that post-conviction counsel ever responded to Appellant, and counsel did not refile the motion or file an appeal.

In August 1990, Appellant contacted the Office of the Public Defender (PD), which replied after an investigation that "It certainly appears that [appointed post-conviction counsel] did nothing in your case." The PD suggested that Appellant file a petition for *habeas corpus* and offered the services of an attorney in the office because of the circumstances of Appellant's case. On September 12, 1990, a copy of Appellant's request was forwarded to an attorney who would assist Appellant with his habeas corpus petition. That attorney wrote Appellant on September 20, 1990 requesting information to assist in the preparation of the petition. Over a month later on October 25, 1990, Appellant still had not responded, and a second attorney sent a follow-up letter. Appellant responded on October 31, noting that he had begun contacting the public defender's office because appointed post-conviction counsel never responded to his inquiries. He included copies of the order denying his motion and some letters from the case. In April 1991, Appellant corresponded with the habeas corpus attorney again. He informed that attorney of the ruling in *Luleff v. State,* 807 S.W.2d 495 (Mo.banc 1991), and told that attorney that "after reading this case I don't think a state habeas corpus would be the appropriate motion to file." He asked the attorney to prepare a draft of a successive post-conviction motion and then said "I believe I can work from there."

On March 12, 2004, fourteen years later, Appellant filed a motion to reopen his Rule 27.26 motion. On August 19, 2004, the motion court denied Appellant's motion to reopen. In 2005, Appellant filed a motion

**2.** All statutory references are to RSMo 1987, unless otherwise indicated.

seeking leave to file a second motion pursuant to Rule 27.26, and this motion was denied by the trial court on July 14, 2005. These motions and court orders are not included in the record on appeal, but are referenced in the court's November 6, 2009 judgment from which Appellant appeals.

On October 20, 2009, Appellant filed a second motion to reopen his Rule 27.26 motion. In this motion to reopen, he alleged that he had been abandoned by post-conviction counsel because counsel did not file an amended motion and did not appeal the dismissal of Appellant's Rule 27.26 motion. On November 6, 2009, the motion court again denied the motion to reopen, reasoning that Appellant's Rule 27.26 motion had been properly denied without prejudice because it had not been signed, and that Appellant had filed successive motions that had repeatedly been denied and he was raising no new grounds for relief. On January 22, 2010, Appellant filed this appeal.

### Point on Appeal

In his point on appeal, Appellant asserts the motion court erred in denying his motion to reopen his Rule 27.26 motion because it alleged facts that were supported by the record in that he was abandoned by post-conviction counsel when counsel failed to: 1) correct the signature deficiency in Appellant's Rule 27.26 motion; 2) file an amended Rule 27.26 motion; and 3) appeal the motion court's dismissal without prejudice of Appellant's Rule 27.26 motion.

### Standard of Review

 The review of the denial of a motion to reopen post-conviction proceedings is limited to a determination of whether the motion court's findings and conclusions of law are clearly erroneous. *White v. State*, 265 S.W.3d 850, 852 (Mo.App. E.D.2008). The motion court's findings and conclusions will be deemed clearly erroneous only if we are left with the definite and firm impression that a mistake has been made after reviewing the entire record. *Id.*

### Discussion

 The motion court's control over post-conviction proceedings is limited to the thirty days following the court's ruling in the proceeding. Rule 75.01. The only exception to this limitation is when the motion court is allowed to reopen the proceeding to address a claim of abandonment by post-conviction counsel. *Johnson v. State*, 244 S.W.3d 226, 228 (Mo.App. E.D. 2008). Abandonment is limited to instances in which post-conviction counsel either (1) fails to take any action on the movant's behalf and the record shows the movant is deprived of a meaningful review of his claims, or (2) is aware of the need to file an amended motion and fails to do so in a timely fashion. *Id.*

 "For [post-conviction] counsel to abandon his client, he must have completely shirked his obligations imposed under the rules." *Hankins v. State*, 302 S.W.3d 236, 238 (Mo.App. S.D.2009), quoting *Kennedy v. State*, 210 S.W.3d 417, 420 (Mo. App. S.D.2006). "Movant is presumed abandoned by counsel when the record, on its face, establishes non-compliance with the duties imposed by Rule 27.26(h)." *Hankins*, 302 S.W.3d at 238; *Kennedy*, 210 S.W.3d at 420; see also *Luleff v. State*, 807 S.W.2d 495, 498 (Mo.banc 1991). "When this presumption arises, Movant is entitled to a hearing to determine if he was abandoned." *Hankins*, 302 S.W.3d at 238; *Kennedy*, 210 S.W.3d at 420. "Additionally, abandonment by counsel can occur when 'the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails to file the amended motion in a timely man-

ner as required by Rule 29.15(f)....'" *Hankins,* 302 S.W.3d at 238; *Brown v. State,* 179 S.W.3d 404, 407 (Mo.App. S.D. 2005) (quoting *Sanders v. State,* 807 S.W.2d 493, 494–95 (Mo.banc 1991)); see also *Simmons v. State,* 190 S.W.3d 558, 559 (Mo.App. E.D.2006).

In the instant case, Appellant claims his appointed post-conviction counsel abandoned him by failing to take any action in his case despite his appointment by the court, entry of appearance, and his affirmative promises to Appellant to do so. However, we cannot make such determination upon a record that is incomplete. There are no copies of the following in the record: Appellant's initial motion to re-open filed March 12, 2004; the court's August 19, 2004 order overruling it; Appellant's motion seeking leave to file a second motion, and the July 15, 2004 order denying it. In ruling on Appellant's claims in the 2009 motion to reopen, the motion court specifically found that the claims raised in the current motion to reopen were the same as those raised previously and were denied for the same reasons:

> Movant filed a motion to reopen the proceeding in 2004 and the motion was denied by Order dated August 19, 2004. In 2005 movant filed a motion seeking leave to file a second motion pursuant to Rule 27.26 and this motion was denied by Order dated July 14, 2005. *Movant's latest motion merely repeats the claims that have been repeatedly denied by this Court, and the Court finds no reason to reconsider the claims.*

[Emphasis added.] Accordingly, because the trial court references the court's previous orders denying Appellant's previous motions in its *reasoning* in denying Appellant's motion once again, those previous motions and orders must be a part of the record for our consideration in whether or not the trial court erred in its 2009 order.

"The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." Supreme Court Rule 81.12(a) (2010); see also *Cook v. State,* 156 S.W.3d 418, 420 (Mo.App. E.D.2005). Because the above stated items are not included in the record before us, and are necessary to the determination of Appellant's question presented, the record is incomplete, and Appellant's appeal must be dismissed.

### Conclusion

The appeal is dismissed.[3]

CLIFFORD H. AHRENS and LAWRENCE E. MOONEY, JJ., concur.

---

**3.** Respondent's Motion to Dismiss is granted, for the reasons stated in this opinion only.