Robert T. BAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 75325.

Missouri Court of Appeals, Western District.

Aug. 27, 2013.

Gary E. Brotherton, for Appellant.

Shaun Mackelprang, for Respondent.

Before Division One: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

JOSEPH M. ELLIS, Judge.

Robert Bain appeals from the denial without an evidentiary hearing of his motion to re-open his Rule 24.035 claim for post-conviction relief. In his motion, Appellant asserted that he had been abandoned by post-conviction counsel in that counsel failed to conduct a sufficient inves-

tigation of the case before filing a statement in lieu of an amended motion. For the following reasons, the trial court's decision is affirmed.

On August 31, 2001, Appellant entered an *Alford* plea of guilty, as a persistent offender, to one count of stealing by deceit, § 570.030 RSMo 2000, in the Circuit Court of Saline County. After questioning Appellant about his understanding of the plea and the rights he would be waiving, the circuit court found Appellant's plea to have been voluntarily and intelligently entered and accepted the plea. The State recommended suspending imposition of sentence and a five-year term of probation. The plea court followed that recommendation. On June 11, 2007, Appellant's probation was revoked. After receiving the sentencing report, the circuit court sentenced Appellant as a persistent offender to a term of fifteen years in the Missouri Department of Corrections.

On August 28, 2007, Appellant filed a timely *pro se* motion for post-conviction relief. Appointed counsel subsequently filed a statement in lieu of an amended motion pursuant to Rule 24.035(e), which stated, in relevant part:

> In the preparation of Movant's postconviction relief case, counsel has discussed this case with Movant over the telephone and has reviewed the following: the underlying guilty plea, sentencing, and probation violation hearing transcripts, relevant court documents from Movant's criminal case, the files maintained by Movant's former attorneys including discovery from the underlying case, and the *pro se* motion filed by Movant in the postconviction case. Based on this review, counsel has determined that she will not file an amended motion in the above-captioned matter in that there are no potentially meritorious claims known to counsel, or facts in sup-

> port thereof, that have been omitted from Movant's *pro se* motion.
> Pursuant to Rule 24.035, Movant may file a reply to this statement by counsel not later than ten days after this statement is filed.

Counsel mailed a copy of that statement to Appellant on January 18, 2008, and it was filed in the circuit court on January 23, 2008.

On July 29, 2008, following an evidentiary hearing, the motion court denied Appellant's motion for post-conviction relief. That decision was affirmed by this Court on appeal. *Bain v. State*, 292 S.W.3d 420, 420 (Mo.App. W.D.2009).

On February 29, 2012, Appellant filed a motion to re-open his Rule 24.035 case with the motion court, asserting that he had been abandoned by post-conviction counsel because counsel failed to adequately investigate the claims raised in his *pro se* motion and other potential claims that could have been raised. Appellant claimed counsel should have asked him more probing questions about his claims during their conversation, interviewed Appellant's father and his trial attorney, and otherwise conducted a more thorough investigation of the evidence not contained in the files and transcripts of the case prior to filing her statement in lieu of an amended motion. Appellant argued that failure to perform such investigation constituted abandonment of post-conviction counsel. On March 12, 2012, after hearing argument, the motion court denied the motion without conducting an evidentiary hearing.

In his sole point on appeal, Appellant claims that the motion court clearly erred in denying his motion to re-open his Rule 24.035 claim without an evidentiary hearing because a review of the record leaves a definite and firm impression that Appellant alleged facts, not disproved by the record, that establish that he was aban-

doned by post-conviction counsel in that counsel did not conduct a sufficiently thorough investigation of the claims asserted by appellant or other potential claims that could have been raised. He notes that the statement in lieu of an amended motion reflects that counsel did not interview Appellant's father or trial counsel and that his motion averred that post-conviction counsel did not interview Appellant until after she had already made up her mind not to file an amended motion.

 "Review of a motion court's overruling of a motion to reopen postconviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Id.* at 56–57.

██ "The motion court's control over post-conviction proceedings is limited to the thirty days following the court's ruling in the proceeding." *Hemphill v. State*, 323 S.W.3d 442, 445 (Mo.App. E.D.2010) (citing Rule 75.01). "The only exception to this limitation is when the motion court is allowed to reopen the proceedings to address a claim of abandonment by post-conviction counsel." *Id.*

██ "Abandonment arises from conduct that is tantamount to a total default in carrying out the obligations imposed upon appointed counsel under the rules." *Riley v. State*, 364 S.W.3d 631, 636 (Mo.App. W.D.2012) (internal quotation omitted). "Rule 24.035(e) requires counsel to ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence."[1] *Id.* at 637 (internal quotation omitted). "[C]ounsel is entitled to exercise his or her reasonable professional judgment to determine what level of inquiry is necessary to ensure that all viable postconviction claims, and all facts supporting those claims, are properly presented." *Id.* Post-conviction counsel "must have completely shirked his [or her] obligations imposed under the rules" for a movant to be abandoned. *Hemphill*, 323 S.W.3d at 445.

██ "The precise circumstances, in which a motion court may find abandonment, are not fixed." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008). "Typically, however, there have been three scenarios under which Missouri courts have deemed a movant abandoned by [post-conviction] counsel: (1) when [post-conviction] counsel takes no action with respect to filing an amended motion and as such the record shows that the movant is

---

1. Specifically, Rule 24.035(e) provides:
 When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

deprived of a meaningful review of his claim; (2) when [post-conviction] counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner; and (3) when [post-conviction] counsel overtly acts in a way that prevents the movant's timely filing of a postconviction motion." *Jensen v. State,* 396 S.W.3d 369, 374 (Mo.App. W.D.2013) (internal quotation omitted).

The motion court determined that Appellant failed to assert a cognizable claim of abandonment of post-conviction counsel. That conclusion was not clearly erroneous.

Appellant's claims certainly do not fall within any of the recognized scenarios constituting abandonment. Appellant does not assert that counsel was aware of a need to file an amended post-conviction motion or that there was any issue related to timeliness. Furthermore, under the facts admitted by Appellant in his motion to reopen, counsel could certainly not be deemed to have taken no action with respect to the filing of an amended motion. Appellant acknowledged that, prior to filing the statement in lieu of an amended motion, counsel had reviewed his *pro se* motion, his answers to the post-conviction questionnaire she had sent to him, plea counsel's files, relevant court documents, and transcripts from the guilty plea, sentencing, and probation hearings. Appellant further acknowledged that counsel had spoken with him about his post-conviction relief case over the phone.

While attempting to frame his claim in terms of abandonment in an attempt to fit within the exception to Rule 75.01, Appellant has alleged nothing more than ineffective assistance of post-conviction counsel. Appellant simply asserts that counsel could have done a better job of investigating his claims and other potential claims and that a reasonably competent attorney would have done so. Appellant did not aver "conduct that is tantamount to a total default in carrying out the obligations imposed upon appointed counsel under the rules." *Riley,* 364 S.W.3d at 636 (internal quotation omitted).

"Claims of ineffective assistance of [post-conviction] counsel have been deemed categorically unreviewable by the Missouri Supreme Court." *Jensen,* 396 S.W.3d at 377 (citing *Gehrke,* 280 S.W.3d at 56). Thus, the motion court did not clearly err in concluding that the claims asserted by Appellant were not cognizable in Missouri.[2] Point denied.

The judgment is affirmed.

All concur.

---

2. To the extent that Appellant attempts to rely upon *Martinez v. Ryan,* — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), to assert that claims of ineffective assistance of post-conviction counsel should be reviewable on the merits, as noted in *Martin v. State,* 386 S.W.3d 179, 185–86 (Mo.App. E.D.2012):

> *Martinez* speaks only to federal habeas corpus procedure and does not establish a constitutional right to the effective assistance of post-conviction counsel. In fact, the *Martinez* court specifically states that it is not

resolving the question of whether a prisoner has a constitutional right to post-conviction counsel.
Nothing in *Martinez* directly affects Missouri's longstanding principle that a petitioner does not have a constitutional right to the effective assistance of post-conviction counsel and we decline Movant's invitation to substantially alter Missouri law pursuant to his strained reading of the *Martinez* holding.