WILLIAM W. FRANCIS, JR., P.J.
Kevin Mason ("Mason") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Finding no merit to his point relied on, we affirm the judgment of the motion court.
Standard of Review
"This Court's review of a motion court's ruling on a Rule 24.035 motion for postconviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." Latham v. State , 554 S.W.3d 397, 401 (Mo. banc 2018) (internal quotation and citation omitted). "A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has *168 been made." Id. (internal quotation and citation omitted).
"A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent. If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." Booker v. State , 552 S.W.3d 522, 527 (Mo. banc 2018) (internal quotation and citations omitted).
A movant is not entitled to an evidentiary hearing on a Rule 24.035 motion unless the motion's allegations of fact-excluding conclusions or matters refuted by the record-warrant relief. Where ineffective assistance of counsel is claimed, warrant of relief must be [shown] by such allegations of fact [that] if true, are sufficient to demonstrate [ ]: (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. If a movant's Rule 24.035 motion fails in any of these particulars, a hearing shall not be held.
Henderson v. State , 539 S.W.3d 110, 115 (Mo. App. S.D. 2018) (internal quotations and citations omitted) (emphasis in original).
Factual and Procedural Background[2]
The motion court did not hold an evidentiary hearing. Therefore, "[t]he 'facts'-for purposes of our review-are those allegations of fact contained in [Mason]'s amended Rule 24.035 motion, excluding from consideration such allegations as are refuted by the record or are mere conclusions." Henderson , 539 S.W.3d at 113. We recite matters not otherwise encompassed by this standard as necessary for context.
Mason was obliged to register as a sex offender, pursuant to sections 589.400[3] and 589.425, because he was previously convicted of sodomizing a minor (statutory sodomy in the second degree) and misdemeanor sexual misconduct-the record reflects this, and Mason does not dispute it in this appeal. As relevant here, Mason was to report any "electronic mail address and instant message screen name, user ID, cell phone number or wireless communication device number or identifier, chat or other internet communication name, or other identity information."[4]
Mason did not report his Facebook and email accounts. This omission was discovered, and Mason was charged with the class D felony of failure to register as a sex offender, pursuant to section 589.425. At his plea hearing on March 24, 2016, Mason admitted these facts, and entered a plea of guilty. The plea court accepted Mason's guilty plea and entered a judgment of conviction. Mason was sentenced *169 to four years' imprisonment, with execution of sentence suspended, and was placed on probation for five years.
Thereafter, Mason created two Facebook accounts under false aliases-one male, one female. Though obliged to report these accounts, pursuant to section 589.425, he did not. Using his fake female account, he liked and followed pages containing pictures of shirtless young boys touching or kissing people. He "friended" several minors, and would later admit that he was using these Facebook accounts "to view profiles ... and to meet sex partners." When authorities discovered this and confronted Mason he admitted, "I did it."
On March 13, 2017, the court revoked Mason's probation, and ordered his four-year prison sentence executed. Mason was delivered to the Department of Corrections on March 17, 2017.
Mason timely filed a pro se Rule 24.035 motion on July 10, 2017, and defense counsel was appointed two days later. Defense counsel was granted an additional thirty days to file an amended motion. The transcript was filed on October 20, 2017. Defense counsel filed a timely amended Rule 24.035 motion on January 18, 2018.
Mason's amended motion alleged that plea counsel advised him to "plead guilty to an unconstitutional crime[,]" for "failing to include certain electronic identifying information in his sex offender registration." The motion also asserted that plea counsel "was ineffective for failing to file a motion to dismiss and for advising [Mason] to plead guilty to an unconstitutional charge." Mason also requested an evidentiary hearing.
The motion court denied Mason's amended motion without an evidentiary hearing on February 1, 2018. In its judgment, the motion court stated:
[Mason] offers Packingham v. North Carolina, 137 S.Ct. 1730 (2017) controlling in this matter. [Mason] pled guilty in 16SO-CR0024 on March 24, 2016. [Mason]'s [plea] attorney [ ], a skilled trial attorney, would have been unable [to] predict the holding of the Packingham case in 2017. [Plea counsel] was not ineffective for advising [Mason] to plead guilty in 2016 to an offense that was not unconstitutional at that time.
This appeal followed. In his single point relied on, Mason argues:
The motion court clearly erred in denying Mr. Mason's Rule 24.035 motion without a hearing, in violation of his right to effective assistance of counsel, right to persist in a plea of not guilty, right to freedom of speech, and right to due process of law as guaranteed by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 8, 10, and 18(a) of the Missouri Constitution, because Mr. Mason alleged facts which were not refuted by the record and which, if true, would entitle him to relief, in that counsel was ineffective for failing to file a motion to dismiss the criminal charge against Mr. Mason based on the violation of Mr. Mason's right to free speech, and such failure prejudiced Mr. Mason in that, had counsel filed a motion to dismiss, there is a reasonable probability that the result of the proceedings would have been different because the charge against Mr. Mason would have been dismissed and he would not have pleaded guilty. A reasonably competent attorney, in the same or similar situation would have filed a motion to dismiss, and no reasonable trial strategy justified counsel's [not] doing so. This Court must reverse the motion court's judgment, vacate Mr. Mason's conviction *170 and sentence, and remand with instructions to dismiss, or, in the alternative, remand for an evidentiary hearing.
Analysis
Mason contends that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing. In support, his brief offers what is effectively a three-part argument: (1) that section 589.425 is unconstitutional in light of Packingham v. North Carolina , --- U.S. ----, 137 S.Ct. 1730, 198 L.Ed.2d 273 (2017) ; (2) that plea counsel was ineffective for not recognizing this fact before Mason entered his guilty plea (nearly nine months before Packingham ), and for not filing a motion to dismiss on that basis; and (3) the motion court clearly erred in failing to make these determinations and rejecting Mason's Rule 24.035 motion. We disagree because Packingham is factually distinguishable and has no application to the Missouri statute upon which Movant's offense was based. Our concern on appellate review "is whether the trial court reached the proper result, not the route by which it reached that result." Hankins v. State , 302 S.W.3d 236, 238 (Mo. App. S.D. 2009) (internal quotation and citation omitted).
Pursuant to section 589.425.1, "[a] person commits the crime of failing to register as a sex offender when the person is required to register ... and fails to comply with any requirement of sections 589.400 to 589.425." Section 589.402.3(10), RSMo Cum.Supp. (2008) requires that sex offenders provide the registering authority with "[a]ny online identifiers[.]" An "online identifier" "includes all of the following: electronic mail address and instant message screen name, user ID, cell phone number or wireless communication device number or identifier, chat or other internet communication name, or other identity information." § 43.651.1(4). The statute at issue in Packingham was much different.
In Packingham , a defendant challenged his conviction under a statute[5] making it a felony for an offender subject to sex offender registration requirements "to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." Id. at 1733 (emphasis added). Defendant argued that the statute was unconstitutional on First Amendment grounds.
Applying intermediate scrutiny, the Supreme Court recited that a content-neutral "law must not burden substantially more speech than is necessary to further the government's legitimate interests." Id. at 1736 (internal quotation and citation omitted). The Court observed that the North Carolina statute was so loose in delineating prohibited online conduct that the statute "might well bar access not only to commonplace social media websites but also to websites as varied as Amazon.com, Washingtonpost.com, and Webmd.com." Id. at 1736 (emphasis added). Because the statute burdened substantially more speech than necessary to further North Carolina's legitimate interest in protecting potential victims from sex crimes, the Court held that it did not survive intermediate scrutiny. Importantly, the Court cautioned that: "this opinion should not be interpreted as barring a State from enacting more specific laws than the one at issue." Id. at 1737.
The statute overturned in Packingham criminalized internet access in a manner so sweeping as to be "unprecedented in [ ] scope[.]" Id. at 1737. The Missouri statutory regime merely criminalizes failure to register specific "online identifiers." § 589.402.3(10). As the Court indicated in *171 Packingham , it was the nearly across-the-board criminalization of access to the Internet that doomed the North Carolina statute.[6] Explicitly, the Court's holding did not have the effect of invalidating statutes "more specific [ ] than the one at issue[ ]" in that case, and (in dicta) the Court indicated that "it can be assumed that the First Amendment permits a State to enact specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages a sexual crime[.]"[7]
Mason's brief also makes the following argument:
[R]equiring sex offenders to register their Internet accounts does nothing to serve the purposes of keeping sex offenders away from vulnerable victims. This is especially true because 'vulnerable victims' would not even have access to a registered sex offender's online identifiers unless the sex offender had already contacted the person.... Even if someone were to have the entire sex offender registry memorized, that person would not have access to online identifiers without specific inquiry. That specific inquiry would only be possible after contact. Thus, this registration cannot possibly serve any preventative purpose.
This myopic discussion fails to evince consideration of the realities at large (or, for that matter, the realities in this case ).
The State's brief sets out a far more sensible argument, which we find persuasive:
Registering the online identifiers of registered sex offenders (as well as other identity and location information): 1) enables probation officers to monitor and discover misbehavior, as happened here once [Mason's] accounts were disclosed ; and 2) enables the public to search online identifiers to determine whether they or their children are interacting with a registered sex offender.
(Emphasis added). The legitimate State interests for requiring registered sex offenders to register their online identifiers are manifest.[8]
Mason does not carry his burden as the moving party in this appeal,[9] and we therefore find that the motion court did not clearly err in finding that plea counsel was not ineffective for failing to file a motion to dismiss, and on that basis rejecting Mason's Rule 24.035 motion.
Mason's point is denied. The judgment of the motion court is affirmed.
JEFFREY W. BATES, J. - CONCURS
MARY W. SHEFFIELD, J. - CONCURS

All rule references are to Missouri Court Rules (2018).

Minor Rule 84.04 violations, seemingly occasioned by inadvertence or good-faith mistake, are sometimes overlooked ex gratia and without comment by this Court. See Nichols v. Belleview R-III School District , 528 S.W.3d 918, 930-31 (Mo. App. S.D. 2017) (Scott, J., concurring). Nevertheless, in this instance we are compelled to observe that Respondent's statement of facts terminates with the following statement: "To avoid repetition, additional facts will be adduced as applicable in the argument portion of the brief." We direct counsel to Rule 84.04(c), and clarify that the statement of facts are to include (at least) all those facts utilized in the argument section of a brief. This does not strike us as an intentional violation (and is not decisive in this instance), but this misapprehension warrants cure in any future filings with this Court.

All references to statutes are to RSMo Cum.Supp. 2009, unless otherwise indicated.

Section 43.651.1(4), RSMo Cum.Supp. (2008).

See N.C. Gen. Stat. Ann. § 14-202.5(a) &(e) (West 2015).

Packingham , 137 S.Ct. at 1737 ("It is instructive that no case or holding of this Court has approved of a statute as broad in its reach.").

The Court observed that these types of laws "must be the State's first resort to ward off the serious harm that sexual crimes inflict." Packingham , 137 S.Ct. at 1737.

See Packingham , 137 S.Ct. at 1739-40 (Alito, J., concurring).

Henderson , 539 S.W.3d at 118.