**Mitchell A. JENSEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 37888.**

Missouri Court of Appeals,
Western District.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied
Feb. 17, 1987.

J. Armin Rust, Public Defender, Lexington, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Jensen seeks by his Rule 27.26 motion to set aside his conviction of capital murder, § 565.001, RSMo 1978 (repealed 1984), and sentence of life imprisonment without parole for 50 years. The trial court after an evidentiary hearing denied the motion, from which denial Jensen has appealed.

The conviction was affirmed upon appeal to the Missouri Supreme Court, *State v. Jensen*, 621 S.W.2d 263 (Mo.1981). The facts of the case are summarized as follows in that opinion:

> [A]ppellant, an employee of Long John Silver's Restaurant in St. Joseph, Missouri, went to the restaurant on the morning of January 12, 1980, opened the safe and took some money from it, and while ransacking the place in an attempt to make it appear that a burglary had taken place, he was surprised by the arrival of the manager, Lorna Guess. After an unavailing attempt to persuade her not to call the police, appellant shot and killed her.

*Id.* at 263.

The trial was held June 30, 1980.

Jensen has briefed three points of his Rule 27.26 motion which, he claims, entitle him to vacation of his conviction.

## I

The first point is that the trial court did not properly instruct the jury in that the verdict-directing instruction did not require the jury to find that the defendant "willfully, knowingly, with premeditation, deliberately and unlawfully killed another human being".[1] The quoted terms are the statutory terms (although not in the correct order) of § 565.001, RSMo 1978 (repealed 1984). The instruction, however, did not use the statutory terms but required for conviction a finding that the defendant "intended to take the life of Lorna Sue Gest (sic) and ... that defendant considered taking the life of Lorna Sue Guess and reflected upon this matter coolly and fully before doing so." The instruction which was given followed MAI–CR 2d No. 15.02. The argument which appellant makes here has been rejected in *State v. Newlon*, 627 S.W.2d 606, 614 (Mo. banc 1982), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), which holds that the instruction correctly instructs upon defendant's mental state required to convict of capital murder.

## II

Jensen's second point is that two prospective jurors were excluded because of their conscientious objections to the death

---

1. The state maintains that Jensen's first and third points are not cognizable in a Rule 27.26 motion, citing *Brager v. State*, 625 S.W.2d 892, 895 (Mo.App.1981), and Rule 27.26(b)(3). We do not rule this contention.

penalty. He acknowledges that *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 1758, 1764, 90 L.Ed.2d 137 (1986), rules that a defendant in a capital case is not denied his constitutional rights by exclusion for cause of jurors who would be unable for reasons of conscience to impose the death penalty. But, he says, Missouri's § 546.130, RSMo 1978, provides for the disqualification only of prospective jurors "whose opinions are such as to preclude them from finding any defendant guilty of an offense punishable with death", and does not provide for disqualification for cause for those who would be precluded only from imposing an optional death penalty.

The two jurors who were challenged and excused for cause in Jensen's case were asked on voir dire only if their conscientious scruples would "automatically exclude" the death penalty "regardless of the facts and circumstances", to which each of them answered affirmatively. They were not asked if they could vote for a guilty verdict where the death penalty was only optional.

Jensen's argument seems to be that § 546.130 provides the exclusive death penalty-related ground for excluding a juror for cause, and that the state may not go beyond that and successfully challenge for cause those who could vote for conviction of an offense "punishable" by death but who could not vote for the imposition of the death penalty.

■■■ Neither party cites us to any case dealing with this novel argument, but it is clear to us that our cases allow the disqualification of jurors who as a matter of conscience could not impose the death penalty, but who could vote for conviction where the death penalty was an option. The cases indicate that the disqualification of jurors who as a matter of conscience could not impose the death penalty is based not upon the cited statute, but upon "the traditional reason that they cannot agree to try the issues presented on the evidence and

law," *State v. Malone,* 694 S.W.2d 723, 726 (Mo. banc 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1986) (quoting *State v. Preston,* 673 S.W.2d 1, 9 (Mo. banc 1984), *cert. denied,* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984)), that their "belief[s] about capital punishment would lead them to ignore the law," 694 S.W.2d at 726 (quoting *State v. Mercer,* 618 S.W.2d 1, 8 (Mo. banc 1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981)). The statute does not provide an exclusive death penalty-related ground for disqualification of jurors for cause.

Jensen then, taking another tack, urges us to hold that article I, section 18(a) of the Missouri Constitution [2] is violated by such disqualification of jurors. He cites us to no cases, nor does he develop any rationale for his contention and none occurs to us.

### III

For his third point, Jensen says the jury should have been instructed and should have been allowed to convict on first degree murder.[3] He was charged with capital murder only, and the jury was instructed only on capital murder.

Capital murder was defined by § 565.001, RSMo 1978 (repealed 1984), as follows: "Any person who unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of another human being is guilty of the offense of capital murder."

First degree murder was defined by § 565.003, RSMo 1978 (repealed 1984), as follows: "Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping."

■■■ It was held in *State v. Baker,* 636 S.W.2d 902 (Mo. banc 1982), *cert. denied,* 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d

---

2. **"Rights of accused in criminal prosecutions.** That in criminal prosecutions the accused shall have the right to ... a ... trial by an impartial jury ..." Mo. Const. Art. I, § 18(a).

3. See Footnote 1.

1027 (1983), that it was not error in a capital murder case to omit an instruction on first degree murder—that first degree murder was not a lesser included offense of capital murder. While *State v. Goddard,* 649 S.W.2d 882 (Mo. banc 1983), *cert. denied,* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983), said at 889 that *Baker* was prospective only (affirming a first-degree murder conviction in a capital murder case, where the defendant argued on the basis of *Baker* that he had been convicted of a different offense than that with which he had been charged), later cases treat *Baker* as declaring the law as it existed under the above-quoted statutes during 1979 and 1980, during which time the Guess homicide was committed and tried. *State v. Williams,* 652 S.W.2d 102, 112 (Mo. banc 1983); *State v. Betts,* 646 S.W.2d 94, 96 (Mo. banc 1983); and *State v. Blair,* 638 S.W.2d 739, 747 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983).

The judgment denying the prisoner's Rule 27.26 motion is affirmed.

All concur.