Jason POPE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60888.

Missouri Court of Appeals, Western District.

Oct. 29, 2002.

Craig A. Johnston, Assistant Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before ELLIS, C.J., HOWARD and HARDWICK, J.J.

LISA WHITE HARDWICK, Judge.

Jason Pope appeals the denial of his Rule 24.035 motion, asserting he was abandoned by postconviction counsel. Because the record facially indicates that appointed counsel's inaction may have deprived Pope of meaningful review of his postconviction claims, we reverse and remand for further proceedings.

## Procedural History

Jason Pope pled guilty to second-degree murder and armed criminal action and was sentenced to consecutive prison terms of thirty years and twenty years. Pope timely filed a *pro se* Rule 24.035 [1] motion alleging ineffective assistance of his plea counsel and prejudice resulting from the trial court's denial of his right of allocution at sentencing. Appointed counsel filed an amended motion, which replicated Pope's *pro se* motion except for minor grammatical changes. Appointed counsel also waived hearing and submitted the amended motion on the record. The motion court thereupon denied relief. Pope appeals the denial, claiming he was abandoned by postconviction counsel and was thereby denied meaningful review of his Rule 24.035 claim.

## Applicable Law

■ Our review is limited to a determination of whether the motion court's denial of the Rule 24.035 claim is clearly erroneous. Rule 24.035(k). The judgment will be found clearly erroneous only if, upon review of the entire record, we are left with the definite and firm belief that a mistake has been made. *State v. Bradley,* 811 S.W.2d 379, 383 (Mo.banc 1991).

■ Generally, claims of postconviction counsel's ineffectiveness are unreviewable on appeal, as there is no constitutional right to counsel in a Rule 24.035 proceeding. *Krider v. State,* 44 S.W.3d 850, 859 (Mo.App. W.D.2001). The only exception to this rule arises when the record shows that a movant has been abandoned by postconviction counsel. *Morgan v. State,* 8 S.W.3d 151, 153 (Mo.App. S.D.1999).

■ Abandonment typically occurs when appointed counsel fails to comply with Rule 24.035(e) or Rule 29.15(e). *See e.g., Luleff v. State,* 807 S.W.2d 495, 497 (Mo.banc 1991) (Rule 29.15(e)); *Moore v. State,* 934 S.W.2d 289, 292 (Mo.banc 1996) (Rule 24.035(e)). These rules require postconviction counsel to determine whether the *pro se* motion is sufficiently supported by facts and includes all claims known to the movant. Rule 29.15(e) and Rule 24.035(e). If the *pro se* motion is deficient in either regard, counsel must file an amended motion. *Id.* Alternatively, if the *pro se* motion requires no amendment, counsel must file a statement explaining what actions were taken to ensure the sufficiency and completeness of the *pro se* motion. *Id.*

■ The motion court is the proper forum to address an issue of abandonment involving postconviction counsel. *Luleff v. State,* 807 S.W.2d at 497. Where the record reflects that counsel took no action to

1. All rule citations are to Missouri Rules of Criminal Procedure (2002) unless otherwise noted.

investigate the postconviction claims as required by Rule 29.15(e) or Rule 24.035(e), the motion court must inquire *sua sponte* into the performances of both movant and counsel. *Id.* at 498; see also *Moore v. State*, 934 S.W.2d at 292. The purpose of this inquiry is to determine whether the movant or appointed counsel is at fault for the non-compliance. *Moore*, 934 S.W.2d at 291–292. Relief is available only when the motion court determines movant is "free of responsibility for failure to comply" with the procedural rules. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo.banc 1991). If the court finds that counsel is at fault for abandonment, movant shall be appointed new counsel and allowed time to amend the *pro se* motion as permitted by Rule 24.035(e). *Luleff*, 807 S.W.2d at 498; *Moore*, 934 S.W.2d at 291–92.

### Pope's Claim of Abandonment

Pope's appointed counsel filed an amended motion that was a replica of the *pro se* Rule 24.035 motion, except that the amended motion changed the pronoun "I" to "Movant" or "he" or "his." Pope contends these minor edits were tantamount to filing no amended pleading and constituted abandonment. Pope asserts the amended pleading does not allow an inference that appointed counsel ascertained whether there were facts to support the *pro se* motion and whether additional claims should be asserted, as required by Rule 24.035(e). If appointed counsel had complied with the Rule, Pope believes counsel would have raised an additional claim in the amended motion that there was no factual basis for his guilty plea, thereby rendering the plea invalid. *See* Rule 24.02(e).

Based on the record of the postconviction proceeding, Pope argues the motion court erred in denying relief without inquiring *sua sponte* into the performance of his appointed counsel, as required by *Luleff*, 807 S.W.2d at 498. The State responds that a *Luleff* hearing was not required in this case because appointed counsel complied with Rule 24.035 by filing an amended motion. The State argues that a finding of abandonment is permitted only when appointed counsel takes *no* action on behalf of movant or files an untimely amended motion, thus barring any claims not raised in the *pro se* motion. *Krider*, 44 S.W.3d at 859.

■ Although the abandonment doctrine has been narrowly applied to remedy serious violations of Rule 24.035(e) or Rule 29.15(e), we disagree that its application has been limited to cases where counsel took absolutely no action or filed the amended motion too late. In *Bradley*, 811 S.W.2d at 384–85, the court held that an abandonment hearing was required where appointed counsel filed an unverified Rule 29.15 motion that was dismissed by the motion court for failure to state sufficient facts warranting relief. The court found the motion so patently defective that it amounted to a "nullity." *Id.* at 382. In *Trehan v. State*, 835 S.W.2d 427, 429 (Mo. App. S.D.1992), a hearing was similarly required when appointed counsel, *inter alia*, filed an amended motion that "merely incorporated the allegations of [the movant's] pro se motion." These cases establish that abandonment arises from "conduct that is tantamount to 'a total default in carrying out the obligations imposed upon appointed counsel' under the rules." *Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D.2001) (quoting *Bradley*, 811 S.W.2d at 384).

■ A record that does not indicate whether appointed counsel made the determinations required by Rule 24.035(e) creates a presumption that counsel failed to comply with the rule. *Trehan*, 835 S.W.2d at 429; see also *Luleff*, 807 S.W.2d

at 498. Based on the fact that Pope's amended motion merely replicated his *pro se* motion, we are unable to determine whether appointed counsel determined the motion was sufficiently supported by facts and included all claims known to Pope. If no substantial changes were required, appointed counsel should have filed a statement explaining what actions were taken to ensure the sufficiency and completeness of the motion. Rule 24.035(e). The minor pronoun changes in the amended motion do not allow an inference that appointed counsel complied with the affirmative requirements of Rule 24.035. This is particularly evident given counsel's failure to correct obvious errors in the *pro se* motion, such as Pope's allegation that he was denied "allocation at sentencing." This misspelling (of the legal term "allocution") was repeated verbatim in the amended motion, suggesting that appointed counsel did nothing more to the *pro se* pleading than have it retyped.

We reverse and remand this case for hearing because it appears on the face of the record that appointed counsel's inaction deprived Pope of a meaningful review of his postconviction claims. *Moore*, 934 S.W.2d at 291. Our concerns about this inaction are heightened by the fact that counsel also waived an evidentiary hearing on the postconviction claims, but we need not address this specific point on appeal in light of our finding that the motion court must now inquire into whether appointed counsel performed as required by Rule 24.035(e). If the motion court finds that counsel was at fault for non-compliance with the rule, new counsel should be appointed and allowed to file an amended motion on Pope's behalf.

The motion court's judgment is reversed, and the case is remanded for fur-

ther proceedings consistent with this opinion.

All concur.