Michael L. GEHLERT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69445.

Missouri Court of Appeals,
Western District.

Feb. 10, 2009.

Craig A. Johnston, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, P.J., JOSEPH M. ELLIS, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Michael Gehlert appeals the denial of his *pro se* Rule 24.035 motion for postconviction relief in which he sought to vacate his conviction and seven-year sentence for forgery, section 570.090, RSMo 2000. He asserts that the motion court clearly erred in denying his motion because (1) the court failed to hold a hearing and determine that he was abandoned by postconviction counsel; and (2) the time limit for filing an amended motion had not yet passed.[1] The order of the motion court is reversed, and the case is remanded for further proceedings.

### Facts

Mr. Gehlert was charged with forgery on May 21, 2002. He completed and signed a petition to enter plea of guilty and pleaded guilty to the charge the same day. Pursuant to a plea agreement, Mr. Gehlert was sentenced to seven years imprisonment with suspended execution of sentence and five years probation.

On January 13, 2005, Mr. Gehlert appeared at a probation violation hearing and admitted to several probation violations including failure to report, consuming alcohol, testing positive for amphetamines, arrest for transporting an open container, and failure to notify probation officer of change of address and employment. The court revoked Mr. Gehlert's probation and ordered him to serve his seven-year sentence.

Mr. Gehlert filed a *pro se* Rule 24.035 motion for postconviction relief on June 23, 2005. The motion alleged that counsel disregarded his instructions on how to proceed at the probation violation hearing and failed to address the court on "the issues

---

1. Because Mr. Gehlert's abandonment claim is dispositive, his second assertion need not be addressed in this opinion.

at hand" regarding probation violations and that the Board of Probation and Parole violated some of its own rules. No allegations were raised in the motion regarding the guilty plea. Counsel was appointed, and attorney Stephen Harris filed an entry of appearance on July 14, 2005. Mr. Harris also requested the guilty plea and sentencing transcripts from the court reporter.

In March 2007, the motion court set the case for a dismissal hearing on April 12, 2007. Mr. Gehlert filed a *pro se* motion requesting sua sponte inquiry into abandonment of post conviction counsel. Mr. Gehlert's motion alleged that Mr. Harris had requested the transcripts of the guilty plea and sentencing in July 2005 and that Mr. Harris had told Mr. Gehlert in March and December 2006 and Mr. Gehlert's daughter in February 2007 that an amended motion had not been filed because he had not received the transcripts. Mr. Gehlert's motion requested the court to conduct a hearing on the abandonment of counsel; to appoint new counsel and reopen the proceedings; or, alternatively, to reinstate his probation or dismiss probation entirely. At the dismissal hearing, the court reinstated the case to the active docket noting that the parties were waiting on the transcripts from the court reporter.

On November 2, 2007, Mr. Gehlert filed a *pro se* motion to show cause for court's two year failure to rule/respond to motion to vacate, set aside or correct judgment or sentence and request for hearing on abandonment of counsel. The court set the matter for a status review hearing on December 17, 2007. Mr. Harris sent a letter to the court on November 28, 2007, explaining that the delay in the case was due to unavailability of the guilty plea and sentencing transcripts and the court reporter had informed him that the tape was damaged and unusable. Mr. Harris also

wrote, "It is not possible to completely review Mr. Gehlert's criminal case without the transcripts and do a complete job of representing his interest in challenging his judgment and sentence under Rule 24.035." The status review hearing was continued to February 21, 2008.

On February 15, 2008, Mr. Gehlert filed a *pro se* petition to vacate judgment and sentence with prejudice. Mr. Gehlert's petition requested that new counsel be appointed if the delay in the case was attributable to counsel or that the judgment and sentence be vacated or dismissed with prejudice if the delay was attributable to the court reporter. The hearing was held February 21, 2008, and the motion court made a docket entry indicating that it had reviewed the file and found that the Rule 24.035 motion did not raise any issue regarding plea counsel and that the matters raised were not cognizable under Rule 24.035. The motion court, therefore, denied the Rule 24.035 motion. This appeal by Mr. Gehlert followed.

### Standard of Review

Appellate review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Brooks*, 242 S.W.3d at 708.

### Abandonment of Postconviction Counsel

Mr. Gehlert first asserts that the motion court clearly erred in denying his Rule 24.035 motion because the motion court failed to hold a hearing and deter-

mine that he was abandoned by postconviction counsel. A movant has no constitutional right to counsel in a Rule 24.035 proceeding; therefore, a claim of ineffective assistance of postconviction counsel is generally not reviewable on appeal. *Pope v. State*, 87 S.W.3d 425, 427 (Mo.App. W.D. 2002). An exception to this rule exists, however, where the record shows that a movant has been abandoned by his postconviction counsel. *Id.*

One form of abandonment occurs where postconviction counsel takes no action on the movant's behalf and, as a result, it appears on the face of the record that the movant is deprived of meaningful review of postconviction claims. *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996); *Luleff v. State*, 807 S.W.2d 495, 497 (Mo. banc 1991). Rule 24.035(e) requires that postconviction counsel ascertain whether the *pro se* motion is supported by sufficient facts and includes all claims known to the movant for attacking the judgment and sentence. Rule 24.035(e); *Pope*, 87 S.W.3d at 427. If the *pro se* motion is deficient in either regard, counsel must file an amended motion that sufficiently alleges the additional facts and claims. Rule 24.035(e); *Pope*, 87 S.W.3d at 427. On the other hand, if counsel determines that no amended motion shall be filed, counsel must file a statement explaining what actions were taken to ensure the sufficiency and completeness of the *pro se* motion. Rule 24.035(e); *Pope*, 87 S.W.3d at 427.

■ "A record that does not indicate whether appointed counsel made the determinations required by [Rule 24.035(e)]

creates a presumption that counsel failed to comply with the rule." *Luleff*, 807 S.W.2d at 498. In such case, "the motion court must inquire *sua sponte* into the performances of both movant and counsel." *Pope*, 87 S.W.3d at 427–28. *See also Moore*, 934 S.W.2d at 291–92; *Luleff*, 807 S.W.2d at 498. "Relief is available only when the motion court determines movant is 'free of responsibility for failure to comply' with the procedural rules." *Pope*, 87 S.W.3d at 428 (quoting *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991)). *See also Moore*, 934 S.W.2d at 291–92; *Luleff*, 807 S.W.2d at 498. If, however, the motion court finds that counsel failed to act on the movant's behalf, it shall appoint new counsel and allow time to amend the *pro se* motion, if necessary, as permitted under Rule 24.035.[2] *Luleff*, 807 S.W.2d at 498; *Pope*, 87 S.W.3d at 428.

■ The record in this case shows some initial activity by postconviction counsel. He entered his appearance and requested the guilty plea and sentencing transcripts. He also communicated with Mr. Gehlert or Mr. Gehlert's daughter in March and December 2006 and February 2007 telling them that an amended motion had not been filed because he had not received the transcripts. Finally, postconviction counsel informed the court by letter in November 2007 that the delay in the case was due to the unavailability of the transcripts and that he could not completely review the case without them. The lack of a transcript does not automatically require that a guilty plea be set aside. *Huffman v.*

---

**2.** Normally, under Rule 24.035(g), where no direct appeal of the judgment is taken, an amended motion shall be filed within sixty days of the date that both a complete transcript of the guilty plea and sentencing hearing has been filed and counsel has been appointed. *Pulluaim v. State*, 85 S.W.3d 764, 765–66 (Mo.App. W.D.2002). The court may extend the time for filing an amended motion for one additional period not to exceed thirty days. *Id.;* Rule 24.035(g). Here, however, a transcript is not available. Thus, if the motion court determines that Mr. Gehlert was abandoned by counsel, the motion court, in its discretion, should set a reasonable time for an amended motion to be filed, if necessary.

*State,* 451 S.W.2d 21, 24 (Mo.1970); *State v. Davis,* 438 S.W.2d 232, 235 (Mo.1969); *Forest v. State,* 787 S.W.2d 789, 790 (Mo. App. E.D.1990).[3] Likewise, while a record made at the time the plea was entered certainly would aid counsel in reviewing the case, the unavailability of a transcript does not eliminate counsel's duties under Rule 24.035 to ascertain whether the *pro se* motion is supported by sufficient facts and includes all claims known to the movant for attacking the judgment and sentence.

Besides attempting to acquire the transcripts, the record shows no other activity by postconviction counsel on Mr. Gehlert's behalf. Nothing in the record indicates that counsel contacted or attempted to contact Mr. Gehlert or anyone else to discuss the case or to determine if there were additional facts outside the record that might warrant relief. Similarly, nothing in the record indicates that counsel reviewed Mr. Gehlert's *pro se* motion or any other documents in the case such as the petition to enter plea of guilty, the charging document, or the judgment of conviction. The record does not indicate whether postconviction counsel made the determinations required by Rule 24.035(e). Thus, a presumption is created that counsel failed to comply with the rule. *See Poe v. State,* 820 S.W.2d 325, 327 (Mo.App. W.D. 1991)(where the record showed that counsel requested an extension, a trial transcript, and other documents but no other activity on the movant's behalf, a presumption of noncompliance with Rule 29.15(e) was created, and the case was remanded for determination of whether there was abandonment by appointed counsel). Ac-

cordingly, the denial of Mr. Gehlert's Rule 24.035 motion is reversed, and the case is remanded to the motion court for determination of whether Mr. Gehlert was abandoned by postconviction counsel.[4]

All concur.

---

3. "The loss of or disappearance of a transcript is a fact of life with which those whose contentions rest upon such transcripts must contend, the same as the situation which confronts a party who rests his case upon the knowledge of a witness who is dead and whose testimony therefore is no longer available." *Huffman,* 451 S.W.2d at 24.

4. Nothing herein is intended to tie the hands of the motion court in fashioning appropriate relief based upon the unique facts of this case.