**Kevin Eugene RILEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73735.**

Missouri Court of Appeals,
Western District.

Jan. 31, 2012.

Application for Transfer to Supreme Court Denied March 27, 2012.

Application for Transfer Denied May 29, 2012.

Shaun J. Mackelprang and Dora A. Fichter, Jefferson City, MO, for appellant.

Gary E. Brotherton, Columbia, MO, for respondent.

Before: ALOK AHUJA, P.J., and THOMAS H. NEWTON and JAMES E. WELSH, JJ.

ALOK AHUJA, Judge.

Kevin Riley was convicted following a jury trial of third-degree domestic assault and multiple drug offenses. He appeals the judgment of the Circuit Court of Saline County denying his motion to reopen his proceeding for postconviction relief under Supreme Court Rule 29.15. Riley contends that he was abandoned by his original postconviction counsel because she failed to obtain or review the transcript of a resentencing hearing. We disagree, and affirm.

## Factual Background

Riley was convicted after a jury trial of third-degree domestic assault, manufacture of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia with intent to manufacture methamphetamine. Riley was sentenced for these convictions to terms of imprisonment of six months, twenty-five years, twenty years, and seven years, respectively, with the sentences ordered to run concurrently.

Riley appealed. We affirmed the substance of Riley's convictions. *State v. Riley*, 213 S.W.3d 80, 85–93 (Mo.App. W.D. 2006). We concluded, however, that the trial court's judgment had improperly classified Riley's convictions for manufacture of a controlled substance and possession of a controlled substance as class A felonies, based on the court's finding that Riley was a prior and persistent drug offender. While we concluded that the trial court had properly found Riley to be a prior and persistent drug offender, *id.* at 94–95, and that Riley's recidivist status authorized the trial court to *sentence him* as if he had committed class A felonies, *id.* at 94, we held that Riley's status as a prior and persistent drug offender did not result in the *reclassification* of his convictions for manufacture and possession of a controlled

substance as class A felonies. We noted that the relevant statutes classified the offenses as B and C felonies, respectively, and explained:

> Under section 195.291.2, RSMo 2000, a person who has been found guilty of manufacturing a controlled substance under section 195.211, "when punishable as a class B felony, shall be sentenced to the authorized term of imprisonment for a class A felony which term shall be served without probation or parole if the court finds the defendant is a persistent drug offender." Likewise, under section 195.285.2, RSMo 2000, a person who has been found guilty of possession of a controlled substance under section 195.202.2, "shall be sentenced to the authorized term of imprisonment for a class A felony if it finds the defendant is a persistent drug offender." Therefore, **because Mr. Riley was sentenced as a prior and persistent drug offender, the trial court did not err in sentencing Mr. Riley to an authorized term of imprisonment for a class A felony on both the manufacturing and possession convictions.**
>
> Nevertheless, a sentence enhancement "does not reclassify the underlying conviction." Thus, in classifying Mr. Riley's convictions for manufacturing and possession as class A felonies, the trial court committed error that was "evident, obvious, and clear." Because conviction of two class A felonies, when the felonies should have been classified as class B and C felonies, affects Mr. Riley's substantial rights, the trial court's error results in a manifest injustice to Mr. Riley entitling him to plain error relief. **The trial court, however, did not err in sentencing Mr. Riley to terms of im-**

**prisonment as authorized for a class A felony based on Mr. Riley's status as a prior and persistent drug offender.** Therefore, Mr. Riley is entitled to the relief he requested. Accordingly, the trial court's judgment is reversed and remanded for correction of the judgment to reflect the proper classification of Mr. Riley's convictions for manufacturing a controlled substance as a class B felony, and possession of a control substance as a class C felony.

*Id.* at 93–94 (emphasis added; other citations omitted).

As the bold-faced text in this passage reflects, the misclassification of Riley's drug possession and manufacturing convictions did *not* affect the sentences he received for those convictions, but only the classification of those convictions. *See also id.* at 83–84 ("Because Mr. Riley's sentence was enhanced based on his status as a prior and persistent offender, ... *the misclassification of the class of felony for those convictions does not impact Mr. Riley's sentence.*" (emphasis added)). We reversed the judgment, and remanded to the trial court, solely for the limited purpose of correcting the misclassification. This is made clear both in our opinion,[1] and in our mandate, which provided:

> [T]he judgment is reversed and remanded to the Circuit Court of Saline County for entry of a proper judgment reflecting that [Riley's] conviction for manufacturing methamphetamine is a class B felony and his conviction for possession of methamphetamine is a class C felony. The judgment is affirmed in all other respects, all in accordance with the Opinion of this Court herein delivered.

1. *Id.* at 95 ("The trial court's judgment is reversed and remanded for entry of a proper judgment reflecting that Mr. Riley's conviction for manufacturing methamphetamine is a class B felony and his conviction for possession of methamphetamine is a class C felony. The trial court's judgment is affirmed in all other respects.").

The circuit court held a hearing in April 2007 to address our remand instructions. Riley requested that the assistant public defender representing him raise issues at the hearing concerning his sentences for the underlying convictions. Counsel refused. In compliance with our mandate, the trial court entered an amended judgment correcting the classification of Riley's drug manufacturing and possession convictions, but reimposing the twenty-five and twenty year sentences it had previously imposed for those convictions.

In May 2007, Riley timely filed a *pro se* motion for postconviction relief under Rule 29.15; appointed postconviction counsel filed an amended motion in August 2007. Riley asked postconviction counsel about asserting an ineffective assistance of counsel claim based on remand counsel's failure to raise issues concerning Riley's sentence at the April 2007 hearing. Postconviction counsel advised Riley that his sentence had been fixed by his direct appeal, because the circuit court was directed on remand only to reclassify the convictions, and had no authority to resentence Riley. Postconviction counsel did not obtain or review the transcript of the April 2007 remand hearing in connection with her representation of Riley on his Rule 29.15 motion. Counsel did, however, filed an amended postconviction relief motion on Riley's behalf, asserting multiple claims of ineffective assistance of counsel. The motion court held an evidentiary hearing on the amended motion, and issued findings of facts and conclusions of law denying it on April 21, 2008. We affirmed the denial of postconviction relief on June 9, 2009.

*Riley v. State,* 292 S.W.3d 351 (Mo.App. W.D.2009) (mem.).

On August 9, 2009, Riley filed a motion to reopen his Rule 29.15 proceeding, arguing that postconviction counsel abandoned him when she failed to obtain or review the transcript from the April 2007 hearing. The State and Riley stipulated that he had asked postconviction counsel to obtain a transcript of the April 2007 resentencing hearing, that she did not do so, and that no matters related to the April 2007 resentencing were presented in the postconviction proceedings. The motion court issued findings of fact and conclusions of law denying Riley's motion to reopen his Rule 29.15 proceeding on February 16, 2011.[2] The motion court stated:

> The Western District mandate returned the case for the [circuit] Court to enter a "proper judgment reflecting Appellant's conviction(s)" as class B and class C felonies respectively on two of the counts.... The mandate and the Court's opinion corrected a very narrow and specific assignment of error.
>
> ... The Mandate in this case was for a specific purpose. The contention of the Movant that the entire judgment was to be reconsidered because the Court was not ordered to reenter judgment *nunc pro tunc* is rejected.
>
> The Court therefore finds that there was no abandonment by Movant's postconviction attorney for having failed to obtain a transcript. Her review of the Court file and the contents of the record of proceedings contained therein showed that the trial [c]ourt had completely ad-

2. The motion court initially denied Riley's motion to reopen in a docket entry on August 20, 2010. Riley filed a motion to reconsider, or in the alternative for findings of fact. On August 30, 2010, the motion court issued an order stating: "As this Court is unsure of the requirements to make detailed findings and a formal judgment entry, said motion is granted. The docket entry of August 20, 2010 is hereby vacated." The motion court held a hearing on Riley's motion to reopen on January 31, 2011, and thereafter entered the judgment from which this appeal is taken.

dressed the matters commissioned by the Court of Appeals to consider.

... [T]his case involves a refusal of post-conviction counsel to do something that Movant wished to have done when no merit could be assigned to his contention. This is not the same as having abandoned her duty to him. Ordering a transcript herein could have been abandonment if counsel in the resentencing hearing could have had the Court consider lesser or greater lengths of sentences. The trial court had no mandate to do as Movant wished.

This appeal follows.

## Standard of Review

Review of a motion court's overruling of a motion to reopen postconviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made. *Gehrke v. State,* 280 S.W.3d 54, 56–57 (Mo. banc 2009) (citation omitted).

## Analysis

■ Riley contends that his postconviction counsel abandoned her duties under Rule 29.15(e) when she failed to obtain or review the transcript from the April 2007 hearing. We disagree.

Rule 29.15(e) requires that,

[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. *Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence.* If the motion does not assert sufficient facts or include all claims known to the movant, counsel

shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

(Emphasis added.)

■ If postconviction counsel fails to fulfill his or her obligations under Rule 29.15(e), this may constitute abandonment which requires that the postconviction proceeding be reopened. "If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State,* 266 S.W.3d 257, 259 (Mo. banc 2008). "[A]bandonment arises from 'conduct that is tantamount to "a total default in carrying out the obligations imposed upon appointed counsel" under the rules.'" *Pope v. State,* 87 S.W.3d 425, 428 (Mo.App. W.D.2002) (quoting *Russell v. State,* 39 S.W.3d 52, 54 (Mo.App. E.D.2001) (in turn quoting *State v. Bradley,* 811 S.W.2d 379, 384 (Mo. banc 1991))).

The precise circumstances, in which a motion court may find abandonment, are not fixed, but in general abandonment is available when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when postconviction counsel is aware of the need to file an amended post-conviction relief

motion and fails to do so in a timely manner.

*Crenshaw,* 266 S.W.3d at 259 (citations and internal quotation marks omitted). "A third type of abandonment occurs when post-conviction counsel's overt actions prevent the movant from filing the original motion timely." *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010) (citing *McFadden v. State,* 256 S.W.3d 103, 109 (Mo. banc 2008)).

Riley argues that, under *Moore v. State,* 934 S.W.2d 289 (Mo. banc 1996), postconviction counsel abandoned him by failing to request or review the April 2007 transcript. In *Moore,* a post-guilty plea Rule 24.035 proceeding, appointed postconviction counsel filed a statement with the court stating his conclusion that "no additional facts or grounds [could] be added in an amended motion." Counsel's statement specifically advised the motion court that, in reaching this conclusion, "he had reviewed the file 'with the *exclusion* of the transcripts of the guilty plea hearing …, the sentencing hearing …, and movant's pro se motion….'" *Id.* at 290. In these circumstances, the Missouri Supreme Court held that counsel had presumptively abandoned the movant by failing to discharge his duties under Rule 24.035(e), which is identical to Rule 29.15(e):

> Rule 24.035(e) requires counsel to ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. In [this] case, the statement filed by post-conviction counsel shows on its face that counsel took neither of the two actions required by Rule 24.035(e). On its face, counsel's statement is thus tantamount to a confession of abandonment.

*Id.* at 292.

This case is distinguishable from *Moore.* In *Moore,* postconviction counsel chose not to review documents central to any Rule 24.035 proceeding: the transcripts of the guilty plea and sentencing hearings, and the movant's *pro se* motion. It is difficult to imagine how counsel could reasonably determine that a *pro se* motion asserts all viable claims and supporting facts without reviewing that motion itself, and without reviewing transcripts of the hearings which constitute the critical stages in any criminal proceeding which terminates in a guilty plea.

 *Moore* thus holds that postconviction counsel cannot discharge his or her duty to determine whether the *pro se* motion asserts all facts, and all claims, available to the movant, where counsel has failed to examine the record essential to that determination. We do not, however, read *Moore* as holding that counsel must review every page of the record before determining whether there are any additional facts or claims to be asserted in an amended motion. Under Rule 29.15(e) and *Moore,* counsel is entitled to exercise his or her reasonable professional judgment to determine what level of inquiry is necessary to ensure that all viable postconviction claims, and all facts supporting those claims, are properly presented. As courts have observed with respect to trial counsel's duty to investigate potential defenses to the underlying criminal charges,

> [w]hen counsel is charged with failing to conduct an adequate investigation we look to whether [he] fulfilled [his] obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary. The duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste.

*Hill v. State*, 301 S.W.3d 78, 82 (Mo.App. S.D.2010) (citations and internal quotation marks omitted).

Riley has not alleged anything approaching the utter abdication of responsibility at issue in *Moore*. Unlike in *Moore*, Riley's postconviction counsel in fact filed an amended Rule 29.15 motion on his behalf, asserting multiple claims of ineffective assistance of counsel. Moreover, Riley's own affidavit demonstrates that counsel made a reasoned decision that examination of the April 2007 hearing transcript was unnecessary to ensure that Riley had asserted all viable postconviction claims. The affidavit states that, "[w]hen I asked [counsel] about challenging the April 2007 sentence, she advised me that it could not be challenged because it had been fixed on the direct appeal." Our opinion and mandate on Riley's direct appeal directed only that the *classification* of two of Riley's convictions be amended. We made clear that this classification issue did not affect the validity of Riley's *sentences* for those convictions, and that the judgment convicting and sentencing Riley was "affirmed in all other respects." In these circumstances, postconviction counsel could reasonably determine, without reviewing the April 2007 hearing transcript, that remand counsel could not have successfully argued for resentencing at that hearing.[3] Postconviction counsel was under no duty to conduct further investigations of an ineffective assistance of counsel claim which would have been unsuccessful. Given the limited nature of our remand, review of the April 2007 hearing transcript was unnecessary to discharge postconviction counsel's duties under Rule 29.15(e), and the circuit court did not clearly err in determining that counsel's actions did not support a finding of abandonment.

To the extent Riley's objection is that, despite complying with Rule 29.15(e), postconviction counsel failed to assert claims concerning the proceedings on remand, such an argument could not establish abandonment. Where counsel files an amended post-conviction relief motion, the complaint that counsel failed to assert particular claims in that motion is, in essence, a claim of ineffective assistance of postconviction counsel; such claims are "categorically unreviewable" because a criminal defendant has no constitutional right to the assistance of counsel in post-conviction proceedings. *See, e.g., Johnson v. State*, 244 S.W.3d 226, 229 (Mo.App.E.D. 2008); *Edgington v. State*, 189 S.W.3d 703, 706–07 (Mo.App. W.D.2006).

## Conclusion

The circuit court's judgment is affirmed.

All concur.

---

[3] *See, e.g., Bird v. Mo. Bd. for Architects*, 309 S.W.3d 855, 860 (Mo.App. W.D.2010) ("Following remand, the trial court is required to render judgment in conformity with the mandate. Any orders or adjudications entered by the trial court must be confined to those necessary to execute the appellate court's judgment as set forth in the mandate." (citation omitted)); *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo.App. W.D.2009) ("where an appellate court remands with *specific directions*, the trial court is duty-bound to render a judgment that strictly conforms to that mandate. The court is without power to modify, alter, amend, or otherwise depart from those directions." (citations omitted)).