**Mitchell A. JENSEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74585.**

Missouri Court of Appeals, Western District.

Jan. 22, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

Mitchell A. Jensen, Pro-se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Mitchell A. Jensen appeals from the dismissal of his motion to reopen his Rule 27.26[1] proceedings for post-conviction relief without an evidentiary hearing. For the following reasons, the judgment is affirmed.

In 1981, a jury convicted Appellant of capital murder, § 565.001 RSMo 1978. The trial court subsequently sentenced him to life imprisonment without the possibility of parole for fifty years. On direct appeal, the Missouri Supreme Court affirmed Appellant's conviction. *See State v. Jensen*, 621 S.W.2d 263, 266 (Mo.1981).

In 1983, Appellant's post-conviction relief counsel ("PCR Counsel") filed an amended Rule 27.26 motion for post-conviction relief alleging eleven grounds for relief.[2] Following an evidentiary hearing, the motion court denied Appellant's motion for postconviction relief. In 1986, this court affirmed the denial of Appellant's Rule 27.26 motion.[3] *See Jensen v. State*, 723 S.W.2d 421, 424 (Mo.App. W.D.1986).

On May 31, 2011, Appellant filed a motion to reopen his Rule 27.26 proceedings. Appellant asserted the following five grounds for relief: (1) he was abandoned by his PCR Counsel in that his PCR Counsel filed his amended post-conviction relief motion without a complete transcript of the trial proceedings, making his Rule 27.26 proceedings patently defective; (2) his due process and equal protection rights were violated by the State in that the State failed to provide him with a complete transcript prior to his direct appeal; (3) his right to effective assistance of appellate counsel was violated when his appellate counsel failed to ensure that Appellant received a complete transcript prior to his direct appeal; (4) he was denied effective assistance of appellate counsel when his appellate counsel failed to include in his brief that the trial court erred in refusing to instruct the jury on the lesser included offense of first degree murder; and (5) the

1. In 1988, Rule 27.26 was repealed and replaced with Rule 29.15 and Rule 24.035. *See Fincher v. State*, 795 S.W.2d 505, 506 (Mo. App. W.D.1990).

2. In his amended Rule 27.26 motion, Appellant alleged the following: (1) his constitutional right against self-incrimination was violated; (2) his constitutional right to counsel and right to remain silent were violated; (3) his confession resulted from coercion and duress, (4) police coerced his consent to search his apartment; (5) he was detained without probable cause; (6) he was held for investigation for over twenty hours without being charged; (7) his constitutional right to due process was violated when the trial court failed to instruct the jury on the lesser included offense of murder in the first degree; (8) his constitutional right to have a fair and impartial jury was violated; (9) his constitutional right to due process was violated because his trial counsel was not permitted to rehabilitate perspective jurors on their views of the death penalty; (10) he was denied due process because the trial court failed to define premeditation in the jury instructions; and (11) he was denied effective assistance of trial counsel because his trial counsel failed to fully examine the effect Appellant's hyperglycemia had on the statements he made to police.

3. Prior to filing the motion to reopen now at issue, Appellant filed several motions to recall the mandate regarding both his direct appeal and his post-conviction relief appeal. All were denied. Appellant also sought federal habeas corpus relief, which was also denied. Several of the claims Appellant now raises on appeal were raised by Appellant either in one of his motions to recall the mandate or in his petitions for federal habeas corpus relief.

burden of proof under Rule 27.26(f) is unconstitutional in that it directly conflicts with the *Strickland* "reasonable probability" standard.

On October 28, 2011, the motion court dismissed Appellant's motion to reopen his post-conviction relief proceedings, without an evidentiary hearing, for lack of jurisdiction. After reviewing Appellant's motion and examining his theory of abandonment, the motion court concluded that there were "no grounds presented by [Appellant] which provided [the motion court] jurisdiction to reopen the [Rule] 27.26 proceedings ... under Missouri law." Appellant now appeals from the motion court's dismissal of his motion to reopen his Rule 27.26 proceedings for lack of jurisdiction.

Before addressing the six points Appellant raises on appeal, we must address the motion court's disposition of this case. After examining Appellant's claims of abandonment, the motion court dismissed Appellant's motion to reopen for lack of jurisdiction. In doing so, the motion court acknowledged that it had "authority to consider a motion to reopen Rule [27.26] proceedings when it is alleged that a movant has been abandoned by his counsel." *Crenshaw v. State,* 266 S.W.3d 257, 259 (Mo. banc 2008). And it is clear from the motion court's judgment that it did, in fact, consider Appellant's motion to reopen his Rule 27.26 proceedings. Yet, the motion court ultimately concluded that it lacked jurisdiction after it determined that Appellant's claims of abandonment were not cognizable under Missouri law. This was incorrect.

 "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that the circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 253

(Mo. banc 2009) (internal quotations and emphasis omitted). "A proceeding for post-conviction relief under Rule 27.26 is an independent civil proceeding, and is governed by law applicable to civil cases." *Johns v. State,* 741 S.W.2d 771, 778 (Mo. App. E.D.1987). "Whether a claim of abandonment is valid does not control the motion court's jurisdiction. It is not the result that determines jurisdiction, but the right of the motion court to consider the matter." *Crenshaw,* 266 S.W.3d at 259. Accordingly, the motion court had jurisdiction to hear the case. *Wyciskalla,* 275 S.W.3d at 254.

Nevertheless, Appellant is not entitled to a remand to the motion court. Our concern on appellate review "is whether the trial court reached the proper result, not the route by which it reached that result." *Hankins v. State,* 302 S.W.3d 236, 238 (Mo.App. S.D.2009). As explained herein, the motion court correctly determined that Appellant's claims of abandonment are not cognizable under Missouri law and, therefore, properly dismissed Appellant's motion.

In his first point, Appellant asserts that the motion court erred in dismissing his motion to reopen his post-conviction relief proceedings because he was effectively abandoned by his PCR Counsel because his PCR Counsel's amended motion was patently defective in that it was filed without a complete examination of the record. Additionally, in his sixth point, Appellant contends that the motion court erred in dismissing his motion to reopen without an evidentiary hearing because he alleged facts sufficient to create a presumption of abandonment thereby entitling him to an evidentiary hearing.

 "Review of a motion court's overruling of a motion to reopen postconviction proceedings is limited to a determination

of whether the motion court's findings and conclusions are clearly erroneous." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Id.* at 56–57.

■ "The motion court's control over post-conviction proceedings is limited to the thirty days following the court's ruling in the proceeding." *Hemphill v. State*, 323 S.W.3d 442, 445 (Mo.App. E.D.2010) (citing Rule 75.01). "The only exception to this limitation is when the motion court is allowed to reopen the proceeding to address a claim of abandonment by post-conviction counsel." *Id.*

■ "Abandonment arises from conduct that is tantamount to a total default in carrying out the obligations imposed upon appointed counsel under the rules." *Riley v. State*, 364 S.W.3d 631, 636 (Mo.App. W.D.2012) (internal quotation omitted). PCR counsel "must have completely shirked his [or her] obligations imposed under the rules" before a movant may be deemed abandoned. *Hemphill*, 323 S.W.3d at 445 (internal quotation omitted). A "[m]ovant is presumed abandoned by counsel when the record, on its face, establishes non-compliance with the duties imposed by Rule 27.26(h)." *Id.* "When this presumption arises, Movant is entitled to a hearing to determine if he was abandoned." *Hemphill v. State*, 323 S.W.3d 442, 445 (Mo.App. E.D.2010).

■ "The precise circumstances, in which a motion court may find abandonment, are not fixed." *Crenshaw*, 266 S.W.3d at 259. Typically, however, there have been three scenarios under which Missouri courts have deemed a movant abandoned by PCR counsel: (1) when PCR counsel "takes no action with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims"; (2) when PCR counsel "is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner"; and (3) when PCR counsel "overtly acts in a way that prevents the movant's timely filing of a postconviction motion." *Gehrke*, 280 S.W.3d at 57.

The motion court concluded that Appellant failed to make a cognizable claim of abandonment under Missouri law. We agree.

Appellant asserts his PCR Counsel abandoned him because his PCR Counsel filed an amended motion without reviewing the complete trial transcript. Appellant takes issue with the transcript in that it does not include portions of the *voir dire* process, the parties' closing arguments, the hearing on the motion for new trial, and portions of Appellant's sentencing hearing. Appellant contends that pursuant to Rule 27.26,[4] his PCR Counsel had a duty to examine all of the files and transcripts for errors warranting post-conviction relief and his PCR Counsel's failure to do so constitutes abandonment.

---

4. As previously mentioned, effective January 1, 1988, Rules 29.15 and 24.035 replaced Rule 27.26. *See Fincher v. State*, 795 S.W.2d 505, 506 (Mo.App. W.D.1990). Appellant recognizes that he sought postconviction relief pursuant to Rule 27.26; nonetheless, there are portions of Appellant's brief in which Appellant asserts that Rule 29.15 is controlling because Rule 27.26 is now "defunct." Rule 29.15(m), however, provides that the postconviction relief rule in effect at the time the motion was filed governs in cases in which sentences were announced prior to January 1, 1996. Appellant was convicted and sentenced in 1981, at which time Rule 27.26 controlled post-conviction relief proceedings. Therefore, we examine Appellant's abandonment claim pursuant to Rule 27.26.

■ Appellant, however, mischaracterizes the duties of PCR counsel under Rule 27.26. Rule 27.26 provided:

When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof.

Rule 27.26(h) (1987). Thus, pursuant to Rule 27.26, Appellant's PCR Counsel had a duty to confer with Appellant, ascertain from Appellant the facts supporting the grounds in his motion, ascertain from Appellant whether he knew of any additional grounds for relief, and file an amended motion to include additional facts or grounds, if necessary.

■ The transcript from the hearing on Appellant's post-conviction relief motion establishes that his PCR Counsel complied with Rule 27.26. At the hearing, the following colloquy transpired between Appellant and his PCR Counsel:

Q: Now does that motion contain all of the allegations that you're aware of at this time that would entitle you to constitutional relief?

A: Yes, it does.

Q: And we have discussed those allegations at least-at least on a couple of times in person to person meetings, the first of which was when I went to prison to visit with you, is that correct?

A: Yes.

Q: And during the last couple of years we have corresponded on numerous occasions, have we not, concerning allegations that you wanted brought up?

A: Yes.

Q: That motion finally incapsulates [sic] the total result of our research and discussions on this matter; is that correct?

A: Yes, sir.

At the conclusion of Appellant's testimony, his PCR Counsel asked Appellant if there were any additional complaints or concerns about the case that Appellant wished to make before the motion court. Appellant responded "No, sir."

Again, for purposes of abandonment, Appellant must establish that his PCR counsel "completely shirked his obligations imposed under [Rule 27.26]." *Hemphill*, 323 S.W.3d at 445. No such evidence exists in this case. Instead, the record establishes that Appellant's PCR Counsel complied with the rules by conferring with Appellant, amending Appellant's post-conviction relief motion, and ascertaining whether the amended motion included all grounds known by Appellant as a basis for attacking the judgment and sentence.

Appellant bases his theory of abandonment solely upon the fact that his PCR Counsel failed to review a complete transcript prior to filing Appellant's amended motion for post-conviction relief. In support of this theory, Appellant relies upon *Gehlert v. State*, 276 S.W.3d 889 (Mo.App. W.D.2009). Appellant, however, has misinterpreted the significance of this court's holding in *Gehlert*.

In *Gehlert*, the movant's PCR counsel made his entry of appearance and request-

ed the guilty plea and sentencing transcripts from the court reporter. *Id.* at 891. Over the next three years, the movant's PCR counsel failed to file an amended motion or take any subsequent action on the movant's behalf. *Id.* To explain his inaction, the movant's PCR counsel suggested he could not file an amended motion or move forward with the case before he received the requested transcripts. *Id.* It was subsequently determined that the reporter could not provide the transcripts due to the tape being damaged and unusable. *Id.* The motion court ultimately denied the movant's motion for post-conviction relief, finding his *pro se* motion did not include any cognizable claim under Rule 24.035. *Id.*

On appeal, this court reversed the denial of the movant's Rule 24.035 motion and remanded the case for determination of whether the movant was abandoned by his PCR counsel. *Id.* at 893. In doing so, we admonished the movant's PCR counsel for using the lack of transcripts as an excuse for not moving forward with the post-conviction relief proceedings. *Id.* This court stated that

> while a record made at the time the plea was entered certainly would aid counsel in reviewing the case, the unavailability of a transcript does not eliminate counsel's duties under Rule 24.035 to ascertain whether the *pro se* motion is supported by sufficient facts and includes all claims known to the movant for attacking the judgment and sentence.

*Id.*

We went on to explain that the record did not establish whether the movant's PCR counsel made the requisite determinations required under Rule 24.035. *Id.* This court emphasized that the record was silent as to whether the PCR counsel made any effort to contact the movant about the case, to determine if there were additional

facts outside the record that might warrant relief, or to review the *pro se* motion or any other documents related to the case. *Id.* Thus, we found that the record created the presumption that movant's PCR counsel failed to comply with the rule and directed the motion court on remand to determine whether the movant's PCR counsel complied with the requirements outlined in Rule 24.035. *Id.*

*Gehlert,* therefore, stands for the general proposition that a presumption of abandonment can arise when the record is silent as to whether one's PCR counsel complied with the post-conviction rules. *Id.* It does not support Appellant's contention that failing to request a complete transcript constitutes abandonment. In fact, *Gehlert* suggests the opposite, indicating that PCR counsel must still comply with the rules in the absence of a transcript.

Here, the record clearly indicates that Appellant's PCR Counsel conferred at length with Appellant about his post-conviction case. It further reflects that his PCR Counsel inquired as to whether Appellant knew of any additional grounds for relief and submitted an amended motion including all grounds known by Appellant for relief. Nothing in the record indicates Appellant's PCR counsel completely shirked his duties under Rule 27.26. Therefore, unlike *Gehlert,* no presumption of abandonment arises from the record.

Furthermore, as this court recently explained in *Riley,* the failure to request or review portions of a transcript alone does not necessitate a finding of abandonment. 364 S.W.3d at 637–38. In *Riley,* the movant contended that his PCR counsel abandoned him by failing to request or review the transcript from his resentencing hearing even though his PCR counsel

had filed an amended motion on his behalf asserting multiple claims of ineffective assistance of counsel. *Id.* at 637. In affirming the motion court's denial of the movant's abandonment claim, we noted that post-conviction relief rules do not require counsel to "review every page of the record before determining whether there are any additional facts or claims to be asserted in an amended motion." *Id.* Rather, we found that the post-conviction rules entitle counsel "to exercise his or her reasonable professional judgment to determine what level of inquiry is necessary to ensure that all viable post-conviction claims, and all facts supporting those claims, are properly presented." *Id.* Thus, despite Appellant's contention to the contrary, the presumption of abandonment does not arise merely from an assertion that one's PCR counsel failed to review a complete transcript of the trial proceedings.

As previously explained, a "[m]ovant is presumed abandoned by counsel when the record, on its face, establishes non-compliance with the duties imposed by Rule 27.26(h)." *Hemphill*, 323 S.W.3d at 445 (internal quotation omitted). The record in this case, on its face, does not establish Appellant's PCR Counsel completely abdicated his responsibilities under Rule 27.26. Thus, no presumption of abandonment arises that would entitle Appellant to an

evidentiary hearing on his motion to reopen his Rule 27.16 proceedings.

■ Moreover, although Appellant couches his claim in terms of abandonment, in essence, his theory of abandonment amounts to an ineffective assistance of PCR counsel claim. As the motion court concluded, Appellant is really complaining about "the manner in which post conviction counsel represented him during the proceedings, e.g., the failure to obtain or review a complete transcript." Appellant is not claiming that he was completely deprived of a meaningful review of his claims for post-conviction relief; rather, he complains that his PCR Counsel should have further investigated potential claims for post-conviction relief that might have been discovered in the missing portions of the transcript.[5] Such a claim amounts to one of ineffective assistance of PCR counsel. *See Hankins*, 302 S.W.3d at 239. Claims of ineffective assistance of PCR counsel have been deemed categorically unreviewable by the Missouri Supreme Court.[6] *See Gehrke*, 280 S.W.3d at 58. Thus, the motion court did not err in concluding Appellant's theory of abandonment was not cognizable for purposes of reopening Appellant's Rule 27.26 proceedings.

■ Additionally, Appellant's four remaining points on appeal allege error regarding either the effectiveness of his direct appellate counsel or the constitutionality and fairness of his appellate or

---

5. It is important to note that the motion court concluded that the "portions of the transcript, not transcribed, were not necessary to the determination of the issues presented on direct appeal or in the [Rule] 27.26 proceeding."

6. In his supplemental brief, Appellant alleges that claims of ineffective assistance of PCR counsel can now be reviewed on the merits due to the United States Supreme Court's decision in *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). The

Court in *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Thus, *Martinez* is not applicable to the present case.

PCR proceedings.[7] Such contentions, however, do not constitute grounds for reopening post-conviction relief proceedings, as none of these grounds alleges abandonment. Therefore, the trial court correctly found that Appellant failed to make a cognizable claim of abandonment under Missouri law for purposes of reopening his Rule 27.26 proceedings.

The motion court did not err in dismissing Appellant's motion, and therefore, the judgment is affirmed.

All concur.

---

7. In his second point, Appellant asserts that his due process and equal protection rights were violated when the State failed to provide him with a complete transcript prior to his direct appeal. In his third point, Appellant contends that his right to effective assistance of counsel was violated because his appellate counsel failed to ensure that Appellant had received a complete transcript prior to his direct appeal. Appellant's fourth point provides that the he was denied effective assistance of appellate counsel in that his counsel

---

on direct appeal failed to include in his brief the argument that the trial court erred in refusing to instruct the jury on the lesser included offense of first degree murder. In his fifth point, Appellant asserts that the motion court erred in denying his motion to reopen his post-conviction relief proceedings in that his due process and equal protection rights were violated because the preponderance of the evidence standard set forth in Rule 27.26 was contrary to the *Strickland* reasonable probability standard.