**Randall PULLUAIM, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 60618.

Missouri Court of Appeals, Western District.

Oct. 8, 2002.

Susan L. Hogan, Assistant Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., HOWARD and HOLLIGER, JJ.

PATRICIA BRECKENRIDGE, Judge.

Randall Pulluaim appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Mr. Pulluaim claims that the motion court

clearly erred in denying his motion because it ruled on his *pro se* motion before his amended motion was even due to be filed. Because this court finds that the motion court clearly erred in ruling on Mr. Pulluaim's *pro se* motion prior to the expiration of the time he had to file an amended motion, the judgment of the motion court is reversed. The cause is remanded to permit Mr. Pulluaim ninety days from the date the guilty plea and sentencing transcript is filed to file an amended Rule 24.035 motion.

### Factual and Procedural Background

On October 3, 1996, Mr. Pulluaim pled guilty to one count of trafficking in the second degree, § 195.223, RSMo 1994, and two counts of carrying a concealed weapon, § 571.030, RSMo 1994. The court sentenced Mr. Pulluaim to terms of ten years in prison on the trafficking charge and five years in prison for each count of carrying a concealed weapon. The sentences were to run concurrently. The court suspended execution of the sentences and placed Mr. Pulluaim on probation for three years.

After Mr. Pulluaim violated his probation, the court revoked his probation on February 27, 1998, and ordered the sentences to be executed. Mr. Pulluaim was delivered to the Department of Corrections on February 28, 1998. Mr. Pulluaim subsequently filed a timely *pro se* Rule 24.035 motion for post-conviction relief on April 21, 1998.

The transcript from Mr. Pulluaim's probation revocation hearing was filed on May 29, 1998. The front page of the transcript was incorrectly titled, "Transcript of Proceedings Guilty Pleas and Sentencing."

On June 4, 1998, the motion court appointed counsel to represent Mr. Pulluaim on his Rule 24.035 motion. On June 16, 1998, Mr. Pulliam's post-conviction counsel requested an extension of time to file an amended motion. The court granted the extension and permitted Mr. Pulluaim ninety days from the date of the filing of the guilty plea and sentencing transcript to file an amended motion. The same day the court granted the extension, Mr. Pulluaim's post-conviction counsel filed a motion requesting the preparation of the guilty plea and sentencing transcript. The motion court sustained the motion and ordered the court reporter to prepare and file the guilty plea and sentencing transcript. The guilty plea and sentencing transcript was never filed, however.

On September 21, 2001, the motion court denied Mr. Pulluaim's *pro se* Rule 24.035 motion without an evidentiary hearing. In its findings of fact, the motion court found that (1) the guilty plea and sentencing transcript had been filed on May 29, 1998; (2) the court had granted Mr. Pulluaim's motion for extension of time and allowed him ninety days from the date that the guilty plea and sentencing transcript was filed to file an amended motion; and (3) no amended motion was filed. Mr. Pulluaim filed this appeal.

### Standard of Review

■ On appeal from the denial of a post-conviction motion, this court is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Such a finding will be made if, after a review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Wilson v. State,* 26 S.W.3d 191, 195 (Mo.App.2000).

### Time For Filing Amended Motion Had Not Expired Before Ruling

■ Mr. Pulluaim argues that the motion court clearly erred in denying his Rule 24.035 motion because the time for filing

the amended Rule 24.035 motion had not expired when the court ruled on his *pro se* motion. Rule 24.035(g) provides that where no direct appeal of the judgment is taken and counsel is appointed, an amended motion shall be filed within sixty days of the date that both a complete transcript of the guilty plea and sentencing hearing has been filed in the circuit court and counsel has been appointed. Rule 24.035(g) further provides that the court can grant an extension of time for filing the amended motion "for one additional period not to exceed thirty days."

The court granted such an extension in this case, giving Mr. Pulluaim ninety days from the filing of the guilty plea and sentencing transcript to file an amended Rule 24.035 motion. Although labeled as the transcript of the guilty plea and sentencing, the record clearly shows that the transcript filed on May 29, 1998, was the probation revocation hearing transcript. The actual guilty plea and sentencing transcript was never filed. Thus, as the State concedes, Mr. Pulluaim's ninety-day period in which to file an amended motion never started to run. The motion court clearly erred in ruling on Mr. Pulluaim's *pro se* Rule 24.035 motion prior to the expiration of the time he had in which to file an amended motion.

The judgment of the motion court is reversed, and the cause is remanded to permit Mr. Pulluaim ninety days from the date of the filing of the actual guilty plea and sentencing transcript to file an amended Rule 24.035 motion.

All concur.