

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| SCOTT McCABE, | ) | No. ED103325 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Edward W. Sweeney, Jr. |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: May 17, 2016 |

### Introduction

Scott McCabe (Movant) appeals the judgment of Circuit Court of the City of St. Louis denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. In one point on appeal, Movant argues that the motion court clearly erred by denying his motion for post-conviction relief because he established facts unrefuted by the record that his plea counsel was ineffective for advising him that if he entered a blind plea of guilty, he would be sentenced to a long-term drug treatment program, and as a result, Movant's plea was involuntary. Because the amended motion was untimely filed and the motion court made no independent "abandonment" inquiry, we reverse and remand.

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

## Factual Background

In February 2013, Movant broke into a house with the intention of stealing. Movant also sold a guitar that he knew was stolen. Following these incidents, on May 17, 2013, Movant pleaded guilty to first-degree burglary and receiving stolen property. At the plea hearing, Movant's plea counsel argued for Movant to be sentenced pursuant to § 217.362 RSMo (Cum. Supp. 2013).[2] Nonetheless, the plea court sentenced Movant to a total of 18 years imprisonment.

On August 12, 2013, Movant filed his pro se Rule 24.035 motion for post-conviction relief. On October 31, 2013, the plea hearing transcript was filed with the motion court. Post-conviction counsel, of the Public Defender's Office, entered her appearance on November 26, 2013. That same day, post-conviction counsel filed a motion for a thirty-day extension of time to file an amended motion, which the motion court granted. On February 25, 2014, post-conviction counsel filed Movant's amended motion for post-conviction relief. In the amended motion, Movant claimed that his plea counsel was ineffective for advising him that if he entered a blind plea of guilty, he would be sentenced to a long-term drug treatment program.

The motion court denied Movant's motion for relief without an evidentiary hearing. The motion court found that Movant's claim was refuted by the record because Movant testified, at his plea hearing, that he "understood there was no promise made regarding his sentence," and that he knew his charges carried a maximum sentence of thirty years or life imprisonment. Movant appeals.

---

[2] Section 217.362 provides for "an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony[.]"

**Abandonment**

We must first address the State's argument that Movant's amended motion for post-conviction relief was untimely filed. The State contends that because the motion court did not make an independent inquiry into whether post-conviction counsel abandoned Movant, we must remand the case to the motion court to conduct such an inquiry. Movant counters that the trial court did not appoint counsel, and, therefore, the amended motion was due sixty days after post-conviction counsel entered her appearance on November 26.

Rule 24.035(g) governs the time for filing an amended motion and provides, in relevant part:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant . . . The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Any response to the motion by the prosecutor shall be filed within thirty days after the date an amended motion is required to be filed.

Here, the record does not reflect when, or if, counsel was appointed. The State argues that the 60-day time period for the amended motion to be filed began on October 31, 2013, the date that the plea hearing transcript was filed with the motion court. The State argues that, based upon the record, it can be inferred that the motion court appointed post-conviction counsel before the transcript was filed because the pleadings and docket sheets were sent to the Public Defender's Office on September 24, 2013. Accordingly, the State argues that Movant's amended motion was due on January 29, 2014—sixty days from the day the transcript was filed plus the thirty-day extension. The State contends that because post-conviction counsel did not

3

file the amended motion until February 25, 2014, the amended motion was untimely and the motion court should have inquired into whether Movant was abandoned.

We agree with the State that Movant's amended motion for post-conviction relief was untimely filed. However, we will not infer that counsel was appointed prior to the filing of the transcript, nor will we infer that counsel was not appointed, as Movant argues. The record on appointment is unclear. Nonetheless, even if we were to accept Movant's position that the time to file the amended motion runs from the day post-conviction counsel entered her appearance—November 26, 2013—Movant's amended motion was due on February 24, 2014.[3] Post-conviction counsel filed Movant's amended motion on February 25, and, therefore, the amended motion was untimely.

In *Moore v. State*, the Missouri Supreme Court held that when an "untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." 458 S.W.3d 822, 825 (Mo. banc 2015) (citation omitted). Because the motion court did not undertake such an inquiry and because "the motion court is the appropriate forum to conduct such an inquiry[,]" we must reverse the motion court's judgment and remand the matter for the court to conduct an inquiry whether the movant was abandoned. *Id.* at 826.

---

[3] In Footnote 3 of Movant's brief, he argues that the amended motion was due on February 26, 2014. This is because sixty days from post-conviction counsel's entry of appearance was January 25, which was a Saturday. Movant contends that because January 25 was a Saturday, Movant's amended motion was not due until January 27, and, therefore, the additional thirty days began to run on January 27 rather than January 25. Movant does not cite any support for this argument, and we do not find it compelling. Once the motion court has granted a thirty-day extension, the date in which the amended motion was due, before the extension was granted, is no longer relevant. The amended motion is simply due ninety days after both the transcript has been filed and counsel has entered her appearance. *See, e.g., Pulluaim v. State*, 85 S.W.3d 764, 766 (Mo. App. W.D. 2002) (noting that when the motion court grants a thirty-day extension in post-conviction relief cases, the movant has ninety days from the date that both the transcript has been filed and counsel has been appointed to file his amended motion).

**Conclusion**

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.